WHEAT *v.* CATTERLIN.

REPLEVIN—VERDICT.—A verdict "for defendants" in replevin is, in effect, a finding that plaintiff unlawfully took the property, and that defendants are entitled to the possession, and shows a breach of the replevin bond to prosecute the action with effect.

PRACTICE—AMENDMENT.—Where the proceedings in an action of replevin were reviewed and corrected during the pendency of an action on the bond, the court, in the exercise of its discretion, had the right to allow the proceedings and judgment on review to be added as an amendment in a supplementary complaint in the action on the bond.

APPEAL from the *Clinton* Circuit Court.

This was an action by *Catterlin* against *Benjamin D. Wheat*, *John Hamilton*, and *Jesse Tennam*, upon a replevin bond. The complaint alleges these facts: *Catterlin*, on *June* 30, 1858, recovered a judgment in said Circuit Court against one *William Hamilton* for $330.66. On the 1st of *July* then next following, an execution was issued on said

judgment, directed to one *Armantrout*, the sheriff of *Clinton* county, who levied the same on certain personal property of *Hamilton*, the execution defendant, which levy was made by the direction of *Catterlin*. On *September* 21, 1858, *Benjamin D. Wheat* and *John Hamilton* brought their action of replevin, in said court, against *Catterlin* and *Armantrout*, to recover the property so levied on, which property was, by virtue of process directed to the coroner of said county, seized by him, and delivered to *Wheat* and *Hamilton*, the then plaintiffs in ·replevin; and thereupon *Wheat, Hamilton,* and *Tennam* executed the bond now in suit, whereby they undertook and promised to " prosecute their said action of replevin with effect and without delay, and return the property in controversy to *Catterlin* and *Armantrout,* if return thereof should be adjudged by the court; and that they would pay to them, *Catterlin* and *Armantrout,* all and such sum or sums of money as they might recover in said action," etc. To this action of replevin *Catterlin* and *Armantrout,* the then defendants, appeared. There was a trial, in which the jury rendered a verdict in these words: " We, the jury, find for the defendants." Upon the verdict thus rendered, the court gave judgment in favor of the defendants, and against *Wheat* and *Hamilton*, the then plaintiffs, for costs. It is averred that *Wheat* and *Hamilton* have not, nor has either of them, at any time, returned said property, or any part thereof, to *Catterlin* and *Armantrout*, or either of them; that the·same was, at the time it was taken by *Wheat* and *Hamilton* worth $1,000; and that, by reason of the taking of said property by them, and their failure to return the same as aforesaid, *Catterlin* has been prevented from collecting his judgment against *William Hamilton*, etc., which judgment remains in full force, etc. Defendants in this suit demurred to the complaint; but their demurrer was overruled, and they excepted. They then answered by a denial and three special paragraphs. The second and third make no point in the  case, and will  not, therefore, be further

noticed. The fourth paragraph avers that the jury try-
ing the issue in the replevin suit rendered simply a ver-
dict for the defendants in that suit. in these words: " We,
the jury, find for the defendants;" and did not find the
property in the plaintiffs or defendants, nor did they find
or assess the value thereof, etc., wherefore, etc. To this
paragraph there was a demurrer overruled, and the plain-
tiffs excepted. On motion, the cause was continued, and
was so continued at three successive terms of said court,
until the *June* term thereof, 1861, at which term the
plaintiffs asked and obtained leave to file a supplement-
ary complaint, wherein they allege " that after the pro-
ceedings in said action of replevin as mentioned in
the original complaint—viz: at the *April* term, 1861—the
same court (on the complaint of *Catterlin* and *Armantrout*,
after due notice to *Wheat* and *Hamilton*, and after both
parties had appeared, and waived a jury) reviewed its
judgment and proceedings in the replevin suit; and there-
upon found that the property mentioned in the original
complaint, as having been seized at the suit of *Wheat* and
*Hamilton*, was worth $1,300, and that *Catterlin* and *Arman-
trout* had sustained damages to the amount of $10 for the
taking and detention thereof. Upon this finding, the
court rendered judgment for the return of said property;
also, for the damages aforesaid, and for costs, etc. And
further, in the supplementary complaint, it is averred that
*Wheat* and *Hamilton* have wholly neglected, and refused
to return the property and pay the judgment for damages,
etc. Defendants demurred to this supplementary com-
plaint. Pending the submission of the demurrer, the
plaintiffs by leave, etc., further amended. This amend-
ment is, in substance, a recital of the original and supple-
mentary complaints, and will not, therefore, be set out in
detail. Defendants then refiled their demurrer to the
amended complaint, which demurrer was overruled, and
thereupon they answered: 1. By a denial. 2. That the
cause of action set forth in the complaints did not accrue

before the commencement of this suit, for this, that the judgment in replevin as alleged in the original complaint shows no breach, nor was any breach of the conditions of the bond made the foundation of this action, and that the proceedings and judgment had in review were had long after the commencement of the present suit, etc. Demurrer to this second paragraph sustained, and defendants excepted. The issues were submitted to the court, who found for the plaintiffs $451; and, having refused a new trial, rendered judgment, etc.

As we have seen, the original verdict in the action of replevin was simply for the defendants; did not find the value of the property replevied; nor did the judgment in that action award a return. Hence it is argued that, when the present suit was commenced, the obligees in the bond had no cause of action, and that the proceedings and judgment on review, having occurred after this suit was commenced, were improperly allowed as an amendment to the original complaint, because that amendment constituted a cause of action, accruing after the commencement of the suit. We do not concur in this reasoning. The verdict in replevin was for the defendants. This was in effect a finding that *Wheat* and *Hamilton* unlawfully took the property; and that *Catterlin* and *Armantrout* were entitled to possess it; and thus there was shown, by the verdict, a breach of the bond; because there was a failure to prosecute the " action of replevin with effect." 9 Ind. 514; 12 Ind. 404. The verdict, it is true, did not authorize a judgment for a return; still, the original complaint on the bond contained a cause of action, and, in the absence of the amendment, the plaintiffs in replevin would have been entitled to damages; but what, in such case, would have been the measure of the damages is not now an important inquiry; indeed, the main question to settle is, was the amendment correctly allowed? We do not perceive any reason why the proceedings in the action of replevin could not be reviewed and corrected during the

pendency of the action on the bond; and being so re-viewed and corrected, it seems to us that the court, in the exercise of its discretionary power, had the right to allow the proceedings and judgment on review to be added, by supplementary complaint, as an amendment to the original complaint. The amendment thus allowed was evidently consistent with a just determination of the action on the bond, and did not "substantially change the claim" set up in the original complaint. 2 G. & H. 118, sec. 99. For aught that appears in the record, the merits of the case have been properly tried and determined, and the result is, the judgment must be affirmed.

*Per Curiam.*—Judgment affirmed, with five per cent. damages, cost, etc.

*R. P. Davidson*, for appellants.

*James N. Simms* and *McDonald & Roache*, for appellee.