MARTIN and Others *v.* NOBLE.

PRACTICE.—After a supplemental complaint had been filed, a defendant, who had been summoned to answer the original complaint, appeared and filed a disclaimer of any interest in the property in controversy at the time he was made a party, or at the time of filing his answer, and the cause was dismissed as to him. Afterwards, on the call of the cause for trial, he asked leave to amend his disclaimer by striking out so much

thereof as disclaimed any interest at the time he was made a party, and in support thereof filed the affidavit of his counsel, that when the disclaimer was prepared he did not know that his client was a party to the original complaint.

*Held,* that the application was properly refused.

MORTGAGE.—PRACTICE.—In a complaint to foreclose a mortgage, any person may be joined as a defendant to answer as to his interest, but the complaint must show that the person so joined has, or at least claims to have, some interest in the matter in controversy.

SAME.—SUMMONS.—Pending a complaint to foreclose a mortgage against a husband and wife, process having been served upon the wife only, the husband died. A supplemental complaint was filed, alleging the death of the husband, and that the wife was the only heir, &c.

*Held,* that the plaintiff could not proceed to judgment without a new summons to the wife.

SUPPLEMENTAL COMPLAINT.—Technically, leave is necessary to the filing of a supplemental complaint, but where the pleading is filed, the failure first to obtain leave is not available error.

APPEAL from the *Marion* Common Pleas.

FRAZER, C. J.—This was a complaint to foreclose a mortgage upon real estate. The original complaint was lost, and is not in the record, but it appears that a writ of summons upon it was issued against *Charles St. J. West, Lucy A. West,* his wife, *Stoughton A. Fletcher, John D. Howland,* and *William Y. Wiley.* This was served upon all but the first named, as to whom there was a return of "not found." After the lapse of about four years from the issuing of the writ, the death of "the defendant *West*" was suggested. Two years later, the plaintiff filed a substituted complaint, making *Luther R. Martin* also a defendant, by leave of the court. This complaint, as finally modified by the plaintiff, showed the death of *Charles St. J. West,* after the commencement of the suit; that his wife, *Lucy,* was his only heir at law, and that there was no administration upon his estate. It alleged, also, the mortgage to the plaintiff, made by *West* and wife, in 1858; that *Fletcher* had a junior mortgage on the same premises; that the liability, to secure which the mortgage was given to the plaintiff, was due and unpaid. In addition to the demand of relief ordinary in suits for foreclosure, it was prayed that *Wiley* answer as to the amount due him, and

that a tax deed to *Martin,* and a deed from *Wiley* to *Martin,* be declared void, and set aside, and for general relief. Afterwards, *Spann, Smith* and *Hammond* were made defendants, and duly summoned.

*Wiley* filed a disclaimer of any interest in the property at the time of answering, or when he was made a defendant, and, on his motion, he was dismissed by the court, and a rule upon him to answer interrogatories was discharged. Subsequently, on the call of the cause for trial, he applied for leave to amend his disclaimer, by striking out so much thereof as disclaimed any interest at the time he was made a party. This was refused, and the refusal is assigned for error. The application was supported by the affidavit of his attorney, showing that the latter did not know that his client was a party to the original complaint. There was no error. The affidavit made no case justifying the court in opening the issues or modifying the pleadings at that stage of the cause.

*Martin* unsuccessfully demurred to the complaint, for want of sufficient facts, and this is assigned for error. It is clear that the demurrer should have been sustained. There was no averment whatever against him, and no reason shown for making him a defendant. It is very true, as is argued for the appellee, that one may be made a defendant, in such a case, to answer as to his interest in the property. But it must at least be alleged against him, that he either has, or claims some interest. This error reverses the judgment as to *Martin*. *West, Fletcher, Howland, Spann, Smith* and *Hammond,* were defaulted.

It is claimed that it was error to proceed upon the supplemental complaint against Mrs. *West,* without summoning her to answer it, she having, by the death of her husband, after the commencement of the suit, acquired an additional interest, and the husband never having had notice. I am of opinion that this point is well taken. Such was the chancery practice, and I perceive nothing in the code to change it. I am well satisfied that serious abuses might

result from its change. . In this view two other judges concur, while the remaining member of the court sustains the opinion, not very firmly, however, that the code has changed the rule. The question is therefore resolved in favor of the appellant, Mrs. *West*, but we are not of opinion that any of the other parties can avail themselves of the error.

The overruling of a motion to strike the supplemental matter from the substituted complaint is assigned for error. The argument is that it required the leave of the court to file supplemental matter. But in *Wood et al.* v. *Ostram et al. ante*, p. 177, we held that the error was not available, though perhaps technically there was an irregularity. We are satisfied with that decision, and therefore adhere to it.

The judgment, as to *Lucy A. West* and *Luther R. Martin*, is reversed, with costs. As to the other appellants, the judgment is affirmed, with costs, and the cause remanded, &c.

*U. J. Hammond, L. Howland, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellants.

*J. T. Dye* and *A. C. Harris*, for appellee.