Filed Dec. 21, 1883.

---

No. 10,758.

KIMBLE v. SEAL.

PARTNERSHIP.—*Complaint for Accounting and Dissolution.*—In a suit between partners for a dissolution and an accounting, a motion to make the complaint more specific by stating the items of the account or any of them should be overruled; it is enough to state the gross amount due to the plaintiff.

SAME.—When a partner on demand refuses to account with his copartner, a suit for dissolution and an accounting may be maintained, and the complaint need not aver either the amount put in or taken out by either partner, these being incidental matters to be ascertained by the proof.

SAME.—*Evidence.—Instruction.— Verdict.—Harmless Error.*—In a suit between partners for a dissolution and an accounting, and to compel payment to the plaintiff of his part of the assets alleged to be in the defendant's hands, proof that all the profits have not been collected is no bar, and in such case the refusal of an instruction predicated upon a hypothetical state of facts, which the verdict finds untrue, is harmless.

SAME.—*Costs.*—When the plaintiff succeeds in a suit to recover from his copartner moneys of the firm unjustly withheld, and for an accounting, he is entitled also to recover costs.

SUPPLEMENTAL COMPLAINT.—*Practice.*—Where supplemental matter is discovered upon the trial, it is in the discretion of the court to allow a supplemental complaint to be then filed, and such complaint need not be verified.

SAME.—*Puis Darrein Continuance.*—A supplemental complaint does not supersede the original complaint, but brings upon the record matter in support thereof occurring after the commencement of the suit, and necessary to be considered in order to do full justice.

SAME.—*Supreme Court.*—A defendant who goes to trial without answering a supplemental complaint, can not make complaint thereof in the Supreme Court.

EVIDENCE.—*Harmless Error.*—The admission of evidence, so utterly immaterial that it can not possibly injure either party, is a harmless error.

INSTRUCTIONS.—*Harmless Error.*—Where the court, in stating the pleadings

to the jury, makes a mistake as to a matter wholly immaterial, there is no available error.

SAME.—An instruction which is without any particular meaning is harmless.

From the Union Circuit Court.

*S. E. Urmston, I. Carter* and *S. S. Harrell,* for appellant.

*W. H. Jones, C. F. Jones, J. F. McKee* and *D. W. McKee,* for appellee.

FRANKLIN, C.—The appellee filed his complaint in the Franklin Circuit Court on the 27th day of January, 1882, in which he alleged that he and appellant entered into copartnership on the — day of May, 1881, for the purpose of buying and selling timber, lumber and logs; that the business was to be conducted under the firm name of Kimble & Seal; that by the terms of the partnership the appellant was to furnish all the money necessary to carry on the business, and appellee was to do the buying, prepare the logs for market, and superintend the business generally. The profits were to be divided equally between them; that the appellee performed all his part of the contract; that the profits of the business amounted to $1,400; that appellant was the bookkeeper of the concern, made the sales, received the proceeds, and converted them to his own use; that appellee expended of his own money $125 in the business of said partnership; that there were no debts of the firm; that appellant refused to account to appellee for said profits or any part thereof; that said partnership continued until the — day of December, 1881, when appellee notified appellant that he desired said partnership dissolved, and demanded an accounting and settlement, which appellant refused. The prayer of the complaint is for an accounting, a dissolution of the partnership, and a judgment against appellant for his share of the profits.

The defendant moved to have the complaint made more specific. It is objected to for the reasons that it does not specify the amount of money furnished by appellant, and the date of furnishing the same, and does not specify the kind

of lumber purchased by appellee, nor show the amount due appellee. The court overruled the motion, which ruling is assigned for error.

The complaint is much more specific than we have stated, and considering the allegations that the defendant was the bookkeeper, made all the sales, and received the proceeds, he had the means of knowing how much money he had put into the partnership and the dates thereof, and also the different kinds of lumber purchased and disposed of; and as to the amount due the plaintiff, the terms of the partnership required the profits to be equally divided between them, and when the gross amount of profits is stated, that is equivalent to saying that one-half thereof is the amount due the plaintiff. We think the complaint was sufficiently specific. There was a demurrer overruled to the complaint, which ruling is also assigned as error.

It is first insisted that where there has been no settlement of the partnership accounts, no suit can be sustained by one partner against the other on partnership accounts. Where there has been a demand and a refusal to account, one partner may sue the other for a dissolution of the partnership, and an accounting and settlement of the partnership affairs.

If the partnership is not in a condition to be finally settled, a receiver may be appointed to manage its affairs until there can be a final settlement. In such action all the former equitable remedies may be enforced. *Page* v. *Thompson*, 33 Ind. 137; *Briggs* v. *Daugherty*, 48 Ind. 247; 1 Story Eq. Jur., section 671.

It is objected that the complaint does not show that appellant performed his part of the contract, nor how much each put into the capital stock. If appellant did not perform his part of the contract, he occupies no position to take advantage of his own wrong; and appellee has made no complaint in this respect. It is to be presumed, under the allegations of the complaint, that appellant furnished all the necessary means in accordance with the terms of the partnership. And

as to how much capital each put into the business, these are preliminary incidental questions to be ascertained by the proof, and the amount of each taken out before ascertaining the profits. The amount of the profits is averred, and they exist over and above the capital of either, be that much or little. We think the complaint stated sufficient facts to constitute a cause of action and maintain the suit. There was no error in overruling the motion to make the complaint more specific, or in overruling the demurrer to it.

Issues were formed, and there was a trial by jury. Pending the introduction of the evidence, the plaintiff gave notice that he desired to file a supplemental complaint, and offered to file the same, when it was agreed by counsel that that matter might be heard and determined after the evidence was closed, at which time, over the objections of the defendant, by leave of the court, the plaintiff filed a supplemental complaint. The defendant entered a special appearance, and moved to strike out and dismiss the supplemental complaint, which motion was overruled by the court, and these rulings form the basis for the seventh and eighth specifications of error, which are next insisted upon.

The 399th section, R. S. 1881, reads: " The court may, on motion, allow supplemental pleadings, showing facts which occurred after the former pleadings were filed."

This section of the statute is in the spirit of the code practice abolishing the distinctions in pleading and practice between actions at law and suits in equity, and combines the provisions of the old chancery supplemental bill with the ancient plea of *puis darrein continuance.* Facts existing at the time of filing a pleading may be made a part thereof by way of amendment. If they have occurred since the filing of the pleading, they can only be made a part thereof by a supplemental pleading. Bicknell Pr., pp. 108 and 109; see authorities therein cited.

The additional facts alleged by the supplemental complaint filed herein are as follows: "And plaintiff says that since the

commencement of this suit, to wit, on the — day of February, 1882, the defendant collected and converted to his own use a great sum of money belonging to the said firm of Kimble & Seal, to wit, the sum of $600, which was due to said firm on account of logs theretofore sold and delivered by said firm to Henry C. Ellison, and that said defendant has failed, refused and neglected to pay over or account to the plaintiff for any part of said sum though requested so to do.  Plaintiff says he had no knowledge that said last mentioned sum of money was received and collected by said defendant after the commencement of this suit until during the trial of this cause; but plaintiff believed at the time of the commencement of this suit that all of said money had been collected by said defendant and converted to his own use before that time, all of which was well known to said defendant at that time.  Plaintiff says that the defendant is largely indebted to him on account of the matters set forth in the complaint, in the sum of $1,000, which is due and unpaid.   Wherefore," etc.

It is insisted that this subsequent act can not be made a part of the original suit by a supplemental complaint; that it is a new cause of action that did not exist at the commencement of the suit, but has accrued since, and can only be made the subject of a new suit.

In Story's Equity Pleading, section 336, the following language is used: " When new events or new matters have occurred since the filing of the bill, a supplemental bill is, in many cases, the proper mode of bringing them before the court; for, generally, such facts can not be introduced by way of amendment to the bill.

" Sec. 337. In regard to supplemental bills, if they are brought after publication in the original cause, to bring before the court facts and circumstances, which have since occurred, they must be such facts and circumstances as are material and beneficial to the merits of the original cause."

And chancery recognizes in practice a supplemental bill in the nature of an original bill.  Story's Eq. Pl., sec. 340, note (1).

In the case of *Moore* v. *Worley*, 24 Ind. 81, a transfer of title after commencement of the suit was permitted to be pleaded by way of a supplemental complaint.

In the case of *Patten* v. *Stewart*, 24 Ind. 332, p. 343, the following language is used : "The amendment is, in effect, a supplemental complaint, and contains the averment of facts which occurred after the filing of the original complaint. It might be valid as such, if it aided and supported the allegations in an original complaint that entitled the party to the equitable relief prayed for therein. The office of the supplemental complaint, in such a case, is to bring upon the record such new facts, that the court may grant the proper relief upon the facts existing at the time of the final decree."

In the case of *Wheat* v. *Catterlin*, 23 Ind. 85, it was held that where the proceedings in an action of replevin were reviewed and corrected during the pendency of an action on the bond, the court in its discretion had the right to allow the proceedings and judgment on review to be added as an amendment in the supplemental complaint in the action on the bond.

In the case of *Martin* v. *Noble*, 29 Ind. 216, where, after the commencement of the suit, the interest of the defendant Lucy West was changed by the death of her husband, it was held that it was not error to consider, in determining the suit, such subsequent fact introduced by way of supplemental complaint, though the widow was entitled to notice of the filing of the supplemental complaint.

In the case of *Musselman* v. *Manly*, 42 Ind. 462, it was held that "A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded ; but it is a further complaint and assumes that the original complaint is to stand. A supplemental complaint must consist of facts which had arisen since the filing of the original complaint. It may be filed after answer ; but whether filed before or after answer, it must be filed on motion and by leave of the court, and

must show upon its face that it is supplemental and relates to matters which had occurred subsequent to the commencement of the action.    Matters which occurred prior to the filing of the original complaint, and not stated therein, should be brought into the suit by amendment.    Matters which occurred since the filing of the complaint should be brought in by supplemental complaint."    And in this case it was further held that " It is a general rule that the plaintiff, in an action based on contract, can only recover for such sum as may be due at the time the action is brought; and in an action founded in tort for such damages as had accrued at the commencement of the action.    *Maxwell* v. *Boyne*, 36 Ind. 120.    Nor can a defendant set up a defence that did not exist at the commencement of the action.    *Carr* v. *Ellis*, 37 Ind. 465."

In that case a subsequent trespass was attempted to be brought in by the way of a substituted amended complaint, which the court held could not be done.    And doubtless a supplemental complaint would not have brought into that action a subsequent independent cause of action, where complete justice could have been administered upon the original cause of action, without the supplemental cause.

The case under consideration is an equitable proceeding. It is for a dissolution of the partnership, an accounting, and for a settlement of the partnership affairs.    This gives the chancery court jurisdiction of the partnership assets, to deal with as equity requires.    *Carmichael* v. *Adams*, 91 Ind. 526. At the time the suit was commenced, the plaintiff believed that all debts coming to the partnership were collected, all the partnership property sold, and all the debts against the firm paid ; that the partnership affairs were ripe for dissolution of the partnership, accounting and settlement.    Upon the trial he for the first time discovered that $600 of the partnership claims had been collected by the defendant a few days after the suit had been commenced.    In the beginning of the suit, he had filed interrogatories to be answered by the defendant, who in his answers thereto denied the existence of

Kimble *v.* Seal.

the partnership, or that he had received or had any funds in his hands belonging to the firm. Hence the plaintiff, at the earliest stage of the proceedings in which the fact was known to him, brought in this supplemental fact. .

We think that according to the rules of equity practice, stated in the foregoing authorities, this subsequent fact could be brought into the suit and considered by the court and jury in the final determination of the case. The partnership affairs could not be settled without it. The supplemental complaint aided and supported the allegations in the original complaint that entitled the plaintiff to the relief prayed for. It performed its office in bringing upon the record such new facts as enabled the court to grant the proper relief upon the facts existing at the time of the final decree. *Patten* v. *Stewart, supra.* And such fact is material and beneficial to the merits of the original cause. Story Eq. Pl., section 337, *supra.* But the original complaint must show a cause of action, or the supplemental complaint will not be allowed.

The plaintiff in the original bill claimed half the profits. The jury found for him $490, which shows that he must have had in his hands at the time of the trial $980 of the partnership funds, and that is in excess of the $600, collected after the commencement of the suit, in the sum of $380, showing a cause of action existing without the fact stated in the supplemental complaint. But the original complaint charges the defendant with a conversion of the whole, as having been collected before the commencement of the suit.

We think the original complaint states a good cause of action, and that the supplemental complaint is only in furtherance of carrying out the real substance of the original complaint, and rendering complete justice upon the facts as they existed at the time of the trial.

There was no error in permitting the supplemental complaint to be filed, or in overruling the motion to strike out or dismiss it.

Appellant further complains that the cause was tried and

submitted without any issue upon the supplemental complaint. But if any answer was necessary the appellant can not now be heard to complain of his own laches in not answering or offering to answer the supplemental complaint. *Morey* v. *Ball*, 90 Ind. 450.

It is further objected that the supplemental complaint was not verified, and no affidavit accompanied it showing the necessity for its being filed. The statute does not require a supplemental pleading to be sworn to, and this supplemental complaint states the necessity for its being filed. That is sufficient in this case.

The ninth error specified is the overruling of the motion for a new trial.

There are nineteen reasons stated for a new trial. The first thirteen, as referred to by appellant in his brief, are based upon the admission and rejection of testimony. We deem it unnecessary to discuss each reason separately. A number of the questions and answers objected to were wholly unimportant, and could not injuriously affect either party; while those that were material were either properly admitted or rightfully rejected.

The fourteenth reason for a new trial is based upon alleged erroneous instructions to the jury. The first, second, third and fourth instructions are objected to. The objection to the first is, that the court, in attempting to state to the jury the contents of the complaint, tells them that the complaint averred that the lumber was to be delivered at Brookville; that this fact was proved in the evidence, but was not contained in the complaint. We do not see that this little immaterial mistake of the court could have injured appellant.

The objection to the second instruction is that it had no particular meaning. If the objection is true, the instruction could do appellant no harm.

The objection to the third instruction is that it contains a direct charge to the jury that the plaintiff and defendant continued in partnership until December, 1881. In this appel-

Kimble *v.* Seal.

lant is mistaken; it only professes to, and does, tell the jury what is contained in a part of the complaint, and does not state it to the jury as a fact in the case. The same is true as to the objection to the fourth instruction, stating the contents of the supplemental complaint.

No objection is pointed out to the fifth, sixth and seventh instructions given, and we perceive none. Appellant closes his brief upon the subject of the instructions given as follows: "Now these several instructions, it can not be said truthfully, informed the jury what the law governing the case was." Whether so or not, it can not be said that appellant has pointed out wherein they misinformed the jury, or failed to inform the jury as to what the law was governing the case. We find no error in the instructions given.

The fifteenth reason for a new trial is the refusal to give instructions asked by appellant.

The first instruction asked was, substantially, that if all the profits of the partnership had not been collected before the commencement of the suit, the plaintiff could not recover.

The second was similar, with the additional statement that if, at the commencement of the suit, the defendant did not have any money belonging to the firm, the plaintiff could not recover.

Under the view that we have taken of the law applicable to the supplemental complaint, there was no error in refusing the instructions asked. And as to the second clause of the second instruction, the jury must have found that there was $380 of the firm money in the defendant's hands at the commencement of the suit, or they could not have found for the plaintiff $490 as the half of the profits. This part of the instruction, if it had been given, could not have availed appellant anything; he was, therefore, not harmed by its refusal, and there is no available error in refusing to give that part of the instruction.

The sixteenth reason for a new trial is that the verdict of the jury is not sustained by sufficient evidence.

There is evidence tending to support the verdict, and in such cases this court will not weigh the evidence in order to reverse the judgment upon the preponderance thereof, but will affirm the decision of the court below.

Appellant has pointed out no reason why the damages are excessive, and we see none.

The tenth specification of error is upon the overruling of appellant's motion to modify the judgment and tax the costs to be paid out of the partnership assets. We see no error in this ruling. If the defendant had paid the plaintiff his half of the profits before the suit, there would have been no costs to pay; and after the plaintiff has been driven to maintain the suit, there is no justice in requiring him to pay half of the costs by taking them out of the profits before a division is made. There was no error in overruling the motion.

We have endeavored to decide all the questions presented by appellant in his brief, regarding the others as waived, and we find no available error in the record. We think the case was fairly tried upon its merits, and a just result reached, and, therefore, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is in all things affirmed, with costs.

