Pouder *et al. v.* Tate.

## No. 15,563.

## POUDER ET AL. *v.* TATE.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Fund in Sheriff's Possession.* —*Wrongful Transfer by Him.*—*Supplemental Complaint Showing the Fact.*— *When May be Filed.*—Where proceedings supplementary to execution were instituted, and the fund. which the plaintiff was endeavoring to reach had been paid into the hands of the sheriff, and the sheriff, without the consent of the plaintiff, and without any order of the court authorizing him to do so, transferred the fund to one of the parties to the suit who was insolvent, it was proper that the court should be informed of that fact by supplemental complaint, and it was not error for the court to permit the filing of such supplemental complaint after the evidence was introduced and while the court was holding the cause under advisement, it being averred that the plaintiff had no knowledge of the transfer of the fund until the day before the trial of the cause commenced.

SAME.—*Evidence.*—The payment of the fund by the sheriff to one of the parties to the suit without the order of the court, or the consent of the plaintiff, was wrongful, and it was proper to treat him as still in the custody of the fund, and to require him to pay the same to the appellee or his attorneys of record. Documentary evidence was admissible that tended to prove that the fund in question was held by the sheriff as the custodian of the court.

PLEADING.—*Filing of Supplemental Complaint.*—*Discretion of Court.*—A supplemental complaint is an additional complaint consisting of facts arising after the filing of the original, and it and the original constitute the complaint in the cause. It is largely within the discretion of the trial court to allow the filing of additional pleadings after the issues are closed.

From the Marion Superior Court.

*A. T. Beck,* for appellants.

*F. Knefler, J. S. Berryhill, F. Winter* and *J. B. Elam,* for appellee.

COFFEY, J.—The appellee, Warren Tate, recovered a judgment in the Hamilton Circuit Court on the 24th day of December, 1882, for the sum of $15,589.72 against the appellant Milton Pouder, together with a decree foreclosing a mortgage upon certain described real estate, situate in Ma-

rion county, executed to secure the payment of the notes upon which the judgment was rendered. Upon a sale of the mortgaged premises by the sheriff, on a certified copy of the decree, the judgment was credited with $11,749.35. On the 6th day of December, 1883, the appellee caused an execution to be issued on the remainder of said judgment, directed and delivered to the sheriff of Marion county, where the appellant Milton Pouder resided; but the sheriff being unable to find any property upon which to levy, proceedings supplementary to execution were commenced in the Marion Superior Court on the 13th day of February, 1884. Such proceedings were had in the cause as that it was decreed by the court, among other things, that Ritzinger's Bank should pay over, to be applied towards the satisfaction of the execution in the hands of the sheriff of Marion county, the sum of $610.31, deposited in the name of Georgia Pouder. From this decree an appeal was prosecuted to this court, where it was reversed on account of the insufficiency of the complaint. *Pouder* v. *Tate*, 111 Ind. 148.

On the 18th day of June, 1887, the appellee filed an amended complaint, upon which the appellants Milton Pouder and Georgia Pouder joined issue and submitted the cause to the court for trial. After the evidence was introduced, and while the court was holding the cause under advisement, the appellee applied for and obtained leave of the court to file a supplemental complaint making the appellant Isaac King a party defendant to the suit. The supplemental complaint alleges, among other things, that before the appeal of this cause to the Supreme Court a certified copy of the decree rendered therein was issued to Hess, the sheriff of Marion county, upon which Ritzinger's Bank turned over to him the $610.31 on deposit in the name of Georgia Pouder; that said Hess held the same, subject to the order of the court upon a final hearing of the cause, until the expiration of his term of office, when he turned the same over to his successor Carter; that Carter likewise held the same until

the expiration of his term of office, when he turned the same over to his successor, the appellant Isaac King ; that, on the — day of August, 1887, and after the filing of the amended complaint, King, without the knowledge or consent of the appellee, and without any order of the court therefor, paid the same over to. the appellant Georgia Pouder, who is insolvent, taking from her a good and sufficient bond to indemnify him against loss, and that the appellee had no knowledge that King had parted with said money until the day before the trial of this cause commenced.

Upon a final hearing of the cause the court decreed, among other things, that the appellant King should forthwith pay over the said sum of $610.31 to the appellee or his attorneys, to be credited upon the appellee's judgment rendered in the Hamilton Circuit Court.

Upon appeal to the general term of the Superior Court several errors were assigned, only three of which are discussed in the briefs filed here, namely :

*First.* That the court erred in permitting the appellee to file a supplemental complaint.

*Second.* That the court erred in overruling the motion of the appellants for a new trial.

*Third.* That the court erred in overruling the motion of the appellants to modify the judgment and decree rendered in the cause.

Section 399, R. S. 1881, provides that " The court may, on motion allow supplemental pleadings, showing facts which occurred after the former pleadings were filed."

A supplemental complaint is an additional complaint consisting of facts arising after the filing of the original, and it and the original constitute the complaint in the cause. *Musselman* v. *Manly*, 42 Ind. 462 ; *Martin* v. *Noble*, 29 Ind. 216 ; *Farris* v. *Jones*, 112 Ind. 498 ; *Peters* v. *Banta*, 120 Ind. 416. It is largely within the, discretion of the trial court to allow the filing of additional pleadings after the is-

sues are closed.   *Gardner* v. *Case*, 111 Ind. 494; *Louisville, etc., R. W. Co.* v. *Hubbard*, 116 Ind. 193.

The appellee in this case was seeking to reach and apply to the payment of his debt the fund now in controversy, which he alleged the appellants were unjustly withholding. By the commencement of his suit and the service of the notice on Ritzinger's bank, he acquires a lien on the fund, and the appellant King could in nowise affect that lien by any act of his without the consent of the appellee.   *Graydon* v. *Barlow*, 15 Ind. 197 ; *Cooke* v. *Ross*, 22 Ind. 157 ; *Hutchinson* v. *Trauerman*, 112 Ind. 21; *Bush* v. *Bush*, 46 Ind. 70; *School Town of Monticello* v. *Grant*, 104 Ind. 168.

As the appellant King, without the consent of the appellee, and without any order of the court authorizing him to do so, transferred the fund to one of the parties to the suit who was insolvent, we think it was eminently proper that the court should be informed of that fact by supplemental complaint, to the end that it might render such decree in the case as would make the appellee's suit availing.

The court did not err, in our opinion, in permitting the appellee to file a supplemental complaint in this cause.

During the progress of the trial numerous objections were made by the appellants to the introduction of evidence offered by the appellee, each of which we have carefully considered, and find no available error in the rulings of the court thereon.   The documentary evidence to which objection was made tended to prove that the fund in question was held by the sheriff of Marion county as the custodian of the Marion Superior Court, and was admissible for that purpose.   The evidence tends to support the finding of the court.

The appellants moved the court to modify the decree entered in the cause by striking therefrom so much as required the appellant King to pay the appellee or his attorneys of record the fund in controversy, to be applied as a credit on the appellee's judgment.

We do not think the court erred in overruling this motion.

The payment of the fund by King to one of the parties to the suit, without the order of the court or the consent of the appellee, was wrongful, and the court did right in treating him as still in the custody of the fund.

There is no available error in the record.

Judgment affirmed.

Filed March 31, 1892; petition for a rehearing overruled Sept. 16, 1892.