STATE EX REL. HATT *v.* VANDERBURGH PROBATE COURT, WEAVER, SPECIAL JUDGE.

[No. 30,969. Filed September 8, 1966.]

*John H. Baldwin,* of Indianapolis, for relator.

*Marion J. Rice,* of Evansville, for respondent.

RAKESTRAW, C. J.—The relator, a defendant in a divorce action in the respondent's court, seeks a writ of mandate from this court ordering the trial court to grant the relator a change of venue from the county.

From the copy of the docket sheet entries submitted with the petition, it appears that the divorce action was filed on October 18, 1965. At various times, three different attorneys have represented the relator in the action below. After numerous preliminary procedures, the plaintiff filed an amended complaint for divorce on January 17, 1966. On January 31, 1966, pursuant to an order to plead, the defendant filed an answer in three paragraphs. A demurrer was filed

to the defendant's third paragraph of answer and a reply was filed to the defendant's second paragraph of answer. On February 17, 1966, the demurrer to the third paragraph of answer was sustained.

On April 18, 1966, the relator, being at this time without counsel, filed his own motion for change of venue from the county. On April 26, 1966, the court overruled the motion for change of venue from the county.

The relator argues that after the demurrer to the relator's third paragraph of answer was sustained, the relator had a right to plead over, and that therefore the issues had not yet been closed at the time the motion for change of venue from the county was filed. It appears from the relator's petition that the third paragraph of his answer set up a prenuptial agreement executed prior to the marriage, purporting to settle property rights and other matters in event the marriage proved unsatisfactory. Argument is presented by the relator and by the respondent as to whether the rules of procedure of the respondent court providing that a party should plead over after a demurrer is sustained within a certain time are applicable. The relator urges that it was the duty of the court to fix a time within which the relator must plead over.

We are unimpressed with the relator's argument. While it is true that the relator has the right to plead over after a a demurrer to his third paragraph of answer was sustained, it is also true that he may choose not to plead over. At the time of the sustaining of the demurrer, the issues, consisting of the complaint, the answer in two paragraphs and the reply to the second paragraph of answer would be complete and the case could go to trial on that state of the pleadings. We therefore hold that the case was first placed at issue on the merits with the sustaining of the demurrer to the third paragraph of answer.

It is true that if the relator should file an amended third paragraph of answer, additional issues could be raised prior

to the trial. However, for the purpose of determining the time within which a change of venue may be taken, the proper question is not when the case is finally placed at issue, but when the case is first placed at issue. To hold otherwise would defeat the purpose for which Supreme Court Rule 1-12B was adopted, for it would always be possible to file new and supplemental pleadings up to the time of trial.

The writ of mandate sought by the relator is therefore denied.

Myers and Arterburn, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 437.