STATE EX REL. CANADAY ET AL. *v.* MADISON CIRCUIT COURT, CARL T. SMITH, JUDGE.

[No. 31,095. Filed March 10, 1967.]

*Frank E. Spencer,* of Indianapolis, *Al Woolbert,* of Anderson, *George Glass* and *Glass and Moberly,* both of Shelbyville, all for relators.

*Joan C. Bashaw,* of Anderson, for respondents.

PER CURIAM.—Certain residents and taxpayers of Madison County filed a suit on April 25, 1966 in the Madison Circuit Court, respondent herein, asking that the Madison County Election Board be restrained from placing on the ballot for the election in May, 1966, persons who were candidates for the School Board of the Metropolitan School District of Central Madison County, Indiana. Those who were candidates were made parties defendant also, and among them are the relators in this original action.

On the 28th day of April, 1966 the respondent court dismissed the complaint as against the defendant, The Metropolitan School District of Central Madison County, Indiana and made the following entry:

"And all parties being either actually or constructively present in open Court, it is agreed by and among the parties as follows:

"1. The restraining order hereinbefore issued in this proceeding on the 25th day of April, 1966, is hereby set aside and dissolved as to the defendant, The Madison County Election Board.

"2. It is further agreed by and among the remaining parties hereto that a restraining order shall issue against those defendants herein who shall be the successful candidates for the office of the School Board of The Metropolitan School District of Central Madison County, Indiana, restraining them from assuming or attempting to assume the office to which they and each of them are elected until the happening of one of two contingencies, whichever may occur first: a) the final determination by a court of last resort of the question of the legality of the creation of the Metropolitan School District of Central Madison County, Indiana, or b) the dissolution of two restraining orders now in force and effect in Cause Numbers 37775 and 37774, in the Henry Circuit Court, Indiana, against individuals previously appointed to the School Boards of the Elwood Community School Corporation and the Anderson Community School Corporation.

"3. It is further agreed by and among the parties that this agreement shall in no way be considered an admission against the interest in or the right to the particular office

sought of those defendants who shall be the successful candidates for the offices hereinbefore described.

"Read and signed in open Court this 28th day of April, 1966.

/s/ CARL T. SMITH
Hon. Carl T. Smith,
Judge
Madison Circuit Court"

It is alleged and claimed that relator, Millicent Canaday, was not present or represented by attorneys at the time the court made this entry.

On May 3, 1966 the relators were elected as members of the School Board of The Metropolitan School District of Central Madison County. Thereafter they took their oath of office and assumed their duties. At the same time relators state that they were informed that the township trustees, also elected in May, 1966, intended to usurp the power of the members of the School Board of The Metropolitan School District of Central Madison County.

On December 21, 1966, the relators filed a motion for a change of venue from the county, and requested the respondent judge to grant same. The respondent judge failed to take any action thereon. On January 5, 1967 attorneys for the plaintiff in the action pending in the respondent court filed a citation against the defendant and relators herein, and asked that they be punished for willful violation of the court's order heretofore made. On January 13, 1967 the court found the relators herein guilty of contempt and assessed a fine of $50.00 for each day beginning January 16, 1967 against each of the defendants as long as they violated the alleged order of April 28, 1966.

The relators in this Court ask for a mandate requiring the court to expunge all its records following their application for a change of venue from the county, and that the respondent court be ordered to grant a change of venue, as prayed for.

We issued an alternative writ, as requested. The sole objection made to the application for a change of venue in the trial court in "Plaintiff's Motion to Strike Court's Motion for a Change of Venue from the County" was that the issue presented in this cause "was determined by the entry of April 28, 1966," and that there is nothing to be determined in this cause and no issues remain. The respondent in substance argues that the entry made by the court on the 28th day of April, 1966 set out above, concludes the litigation and in effect was a judgment and a restraining order and that nothing remained to be put at issue and therefore the time for filing an application for a change of venue from the county had expired under Rule 1-12B.

With this contention we do not agree. An examination of that order plainly shows that it was an agreement made by the parties at the time in attempting to adjust their controversy. It was an agreement that "a restraining order *shall* issue"—in other words, something to be done in the future—and was not done at that time. There remained yet to be done the entering of the order or judgment. There also remained to be placed at issue the main action on the merits, since the agreement was only for a restraining order, which is usually *pendente lite*. The complaint itself alleged that "The Metropolitan School District of Central Madison County, Indiana, is not a legally created entity for the following reasons: . . ." This was an issue yet to be determined in the complaint upon its merits. No answer had yet been filed. This complaint was not at issue at the time the application for a change of venue was requested. Under Rule 1-12B we must hold that the relators are entitled to have their change of venue from the county perfected by the respondent court.

The alternative writ heretofore issued is made permanent and absolute.

NOTE.—Reported in 224 N. E. 2d 40.