STATE OF INDIANA EX REL. GATEWOOD ET AL *v.* HAMILTON
CIRCUIT COURT ET AL.

[No. 30,970. Filed May 9, 1967.]

*John D. Raikos,* of Indianapolis, for relators.

*Edward New, Jr.,* pro se, and *Chalmer Schlosser,* of Indianapolis, for respondent.

HUNTER, J.—This case is before us on the question of whether temporary writ of mandate and prohibition concerning the lower court's ruling on a motion for change of venue should be made permanent. The pertinent facts are as follows:

February 9, 1966—Complaint filed by plaintiff.

February 23, 1966—S p e c i a l appearance by defendants (relators) with answer in abatement and motion for jury trial.

March 15, 1966—Plaintiff's motion for trial by court and brief.

March 16, 1966—Case set for trial on May 11, 1966, at 9:30 A.M. before the Court.

April 11, 1966—Special appearance by local counsel.

April 12, 1966—Defendants filed motion for change of venue from county.

April 14, 1966—Oral argument set for April 21, 1966, at 4:00 P.M.
April 21, 1966—Plaintiff filed memorandum brief and oral argument heard.
April 22, 1966—Motion for change of venue denied.

The relators (defendants) then petitioned this court for a writ of prohibition and mandate as to the trial court, asserting that the denial of the motion for a change of venue was improper. The writ was temporarily granted.

The respondents contend that the plea in abatement was actually a plea in bar since matters in abatement are waived when co-mingled with matters in bar. This was asserted in plaintiff's memorandum on the motion for a trial by judge. We question the propriety of attacking a plea in abatement through a motion for a trial by court; the proper method is through a demurrer or motion to strike. The respondents further contend that the cause was at issue. Therefore, since the motion for a change of venue was filed later than ten (10) days after the cause was at issue, the right to such a motion was waived. Supreme Court Rule 1-12B(2).

We agree with the respondents in that within the pleading denominated as a plea in abatement matters in bar were co-mingled with matters in abatement, thereby waiving the latter. Ind. Stat. Ann. § 2-1034 (1946 Repl.) ; *State v. Board of Comrs. of Adams County* (1944), 222 Ind. 284, 53 N. E. 2d 543. We shall not discuss the law involved for it is not necessary to our holding. The waiver of the matters in abatement does not necessarily mean that the case is at issue.

To hold that the cause was at issue would be to rule that the plea in abatement (so designated) constituted an answer on the merits. However, this is far from a compliance with Supreme Court Rule 1-3. Without such a compliance it is extremely difficult to determine if the cause is at issue and if so, what the issues are. Indeed as in this

case we are at a loss to say what the issues were, other than by such a co-mingling the relators admitted all of the plaintiff's allegations and then asserted an affirmative defense or a plea in bar. Furthermore, this is a rather harsh result to apply to a defendant who has merely co-mingled matters in abatement with matters in bar. We do not hold that such is the law, and we have found no cases so holding. In cases such as presented in the facts at bar, the lower court should require the defendant to answer in conformity with Rule 1-3, *supra. Armstrong* v. *Presslor* (1947), 225 Ind. 291, 296, 73 N. E. 2d 751 (dictum). In this manner we reject the respondents' contention that the case was at issue.

The question before this Court, i.e., whether or not the motion for a change of venue was timely filed, must be determined pursuant to Supreme Court Rule 1-12B(7), which states:

> "Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made *promptly* and *entered of record,* accompanied with a motion for a change from the Judge or county (as the case may be) and filed with the court." (our emphasis)

In the facts at bar the relators filed no objection appearing of record. Consequently, the relators in effect waived the right to request a change of venue.

The petition for the writ is denied and the temporary writ is dissolved.

Mote, J., Concurs in Result.

Jackson, J., Dissents without Opinion.

NOTE.—Reported in 225 N. E. 2d 826.