STATE EX REL. MAYS ET AL. *v.* FAYETTE CIRCUIT COURT.

[No. 667S13. Filed November 29, 1967. Petition for Rehearing denied April 5, 1968.]

*Frank E. Spencer,* of Indianapolis, *Al Woolbert,* of Anderson, and *George Glass,* of Shelbyville, for relators.

*Riley M. Sharp,* of Elwood, *Paul E. Schrenker* and *Lawrence Booram,* of Anderson, for respondents.

PER CURIAM.—This is an original action for an alternative writ of mandate to compel the respondent court to grant a change of venue from the county. The alternative writ was issued to order the change or show cause.

The certified copies of the court records filed by relators disclose that a complaint in the Madison Circuit Court was filed March 11, 1965, against Madison County Committee for the Reorganization of School Corporations, and the several members thereof, represented by the Attorney General; J. G. Kohlmeyer, Director of the State Commission, also represented by the Attorney General; and Hon. Carl T. Smith as Judge of the Madison Circuit Court.

We have set forth in sequence the steps taken:

The relators-plaintiffs filed a supplemental complaint on July 2, 1965 adding the names of defendants Charles B. Parker, Mark Noble, Kenneth Harting, Jr., Wilfred Shaw and Lowell M. Butcher; on April 22, 1965, the said Judge of the Madison Circuit Court disqualified himself as a party in the action and thereafter following the appointment of Hon. Frank Fisher as special Judge by this court, relators-plaintiffs in said action took a change of venue from the County of Madison to Henry County; an answer was filed by the defendants on September 1, 1966; on December 14, 1966, a motion for change of venue was filed by the named additional party defendants in the supplemental complaint to Fayette Circuit Court; on March 23, 1967, the said supplemental defendants moved to dismiss the cause of action as to themselves over the objection of the relators-plaintiffs; on April 10, 1967, plaintiffs-relators filed a written memorandum in opposition to the motion to dismiss; on April 21, 1967, plantiffs-relators filed a motion for a change of venue from the judge; on May 1, 1967, the defendants filed a motion to strike from the files and reject plaintiffs' request for change of venue from the judge; on May 5, 1967, plaintiffs-relators filed objections to defendants' motion to strike from the files and reject plaintiffs' request for change of venue from the judge; on the same day the respondent judge ordered the request of plaintiffs-relators for change of venue from judge rejected and stricken from the records and ordered the action to be dismissed as to defendants Charles B. Parker, Mark Noble, Kenneth Harting, Jr., Wilfred Shaw and Lowell M. Butcher named in the supplemental complaint; on May 17, 1967, plaintiffs filed a motion to expunge entry of May 5, 1967, which was overruled by said court on the same day.

It is the relators contention that the only issue presented is the granting of a request for a change of venue from the judge which request was filed by the relators-plaintiffs in the Trial Court as their first and only request of change

of venue from the judge when the issues had not been closed in said cause.

The respondents maintain that the request for a change of venue was denied because it was filed more than 10 days after the change of venue to the Fayette Circuit Court.

It is to be noted that pursuant to Rule 2-35 and to the pertinent part thereof which states:

". . . If the relief sought relates to a proceeding in an inferior court, certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto, . . ."

that no certified copies of the answers of the defendants in the original action commenced in Madison County were filed in this court in this original action, although it is indicated in relators' Exhibit "A," being a transcript of the pleading papers and entries, that an answer had been filed on September 1, 1966 by the defendant James Craig, et al.

Furthermore, it is the law of this state that unlike an amended pleading, a supplemental pleading does not supersede the pleading which it seeks to supplement, but both stand as a single pleading. This is true because the supplemental pleading relates back to the filing of the original pleading so as to become a part of it. *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251; *Cincinnati, H. & D. R. Co.* v. *McCullom* (1915), 183 Ind. 556, 109 N. E. 206 affirmed 38 S. Ct. 64, 245 U. S. 632, 62 L. Ed. 521; *Muncie & Portland Traction Co.* v. *Citizens' Gas & Oil Mining Co.* (1913), 179 Ind. 322, 100 N. E. 65; *Big Creek Stone Co.* v. *Seward* (1896), 144 Ind. 205, 42 N. E. 464, rehearing denied 144 Ind. 205, 43 N. E. 5; *Pouder* v. *Tate* (1892), 132 Ind. 327, 30 N. E. 880; *Davis* v. *Krug* (1884), 95 Ind. 1; *Kimble* v. *Seal* (1883), 92 Ind. 276; *Morey* v. *Ball* (1883), 90 Ind. 450; *Musselman* v. *Manly* (1873), 42 Ind. 462; *Larch* v. *Holz* (1913), 53 Ind. App. 56, 101 N. E. 127.

The supplemental complaint filed by the plaintiffs-relators did not supersede the pleading which it sought to supplement. The answer filed to the original complaint brought the matter to issue on the merits.

The filing of the motion for a change of venue, therefore, was not timely under Rule 1-12B of this court.

In *State ex rel. Janelle* v. *Lake Superior Court, Roszkowski, Judge* (1957), 237 Ind. 3, 143 N. E. 2d 288, the court held that an unverified motion for a change of venue is proper in civil cases under Rule 1-12B, but it must be filed within 10 days after the issues are first closed on the merits.

For the reasons hereinabove set forth, the writ was improvidently issued and the same is now vacated.

## MEMORANDUM ON PETITION FOR REHEARING

PER CURIAM.—On February 6, 1968, this court vacated the entry denying rehearing filed January 30, 1968, and vacated as well the per curiam opinion heretofore filed with the Clerk of the Supreme Court on November 29, 1967.

The relators pointed out that the answer filed by James Craig, et al., in effect was only an answer as Members of and Constituting the Madison County Committee for the Reorganization of School Corporations and did not include any of the other defendants who in effect had not answered. Thus, alleged the relators, the filing of their motion for a change of venue was timely since the alleged issues had not been closed by the answer of all defendants.

The reasoning, therefore, of the per curiam opinion of November 29, 1967, would then be based on an error of fact since it was stated therein. "That an answer had been filed on September 1, 1966, by defendant James Craig, et al." This was in fact an error since the transcript revealed that there was an answer filed by James Craig, et al. as Members of and Constituting the Madison County Committee for the Re-

organization of School Corporations, and there were other defendants including Bryce Bottom, Jean Pilot, William E. Wilson, John J. Dillon, Herbert Holmes, Chester Biddle, William Chambers, J. Preston Moody and L. R. Miller, as Members of and Constituting the State Commission for the Reorganization of School Corporations of the State of Indiana, State Commission for the Reorganization of School Corporations of the State of Indiana, J. B. Kohlmeyer, Director of the State Commission for the Reorganization of School Corporations of the State of Indiana, and Hon. Carl T. Smith, as Judge of the Madison Circuit Court.

The per curiam opinion *supra* was correct, however, as to its conclusion on the supplemental complaint filed by plaintiffs-relators, not superseding the pleading which it sought to supplement.

On May 25, 1965, a change of venue had been granted on the motion of the plaintiff for a change of venue from Madison County to Henry Circuit Court of Henry County.

It is to be noted, however, on December 14, 1966, a motion was filed by the named additional party-defendants for a change of venue from Henry County and granted to the Fayette Circuit Court, Fayette County.

On January 5, 1967, the order was duly granted changing to Fayette County, Indiana, and the defendants were given ten days thereafter to perfect the said change. On May 17, 1967, the plaintiff moved for a change of venue from the Judge, and the motion was denied.

The issues, therefore, were not fully closed when the cause reached Fayette County. Indiana Supreme Court Rule 1-12B, paragraph 6 is, therefore, applicable to the case at bar. This reads as follows:

> "Provided further, in event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten (10) days after the special judge has qualified or the moving party has

knowledge the cause has reached the receiving county or there has been a failure to perfect the change."

The interpretation of this Rule 1-12B(6) has recently been made by this court in the recent case of *State of Indiana* v. *Porter Superior Court* (1968), 250 Ind. 416, 234 N. E. 2d 848, where it was held that in the event a change is had from the judge or county within the prescribed period, an additional request for change of judge may be made by a party still entitled thereto, within ten (10) days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change.

The attorney for the relators in his memorandum improperly cites the case of *State of Indiana* v. *Laxton* (1962), 242 Ind. 331, 178 N. E. 2d 901 as authority as a case holding that the ten-day period begins to run after the issues have been closed.

In *State of Indiana* v. *Laxton, supra,* the court stated:

"It was never intended that a special judge could make ineffective the provision of Rule 1-12B by making himself unavailable to receive a motion for a change of venue from the county within ten days after he had qualified. Where, as here, the special judge resides in another circuit and does not make himself available to receive motions for change of judge or a change of venue from the county within ten days after he has qualified, the only alternative is for the party entitled to the change to file his motion, within the time required by the rule, with the clerk to be presented by him to the special judge when he again resumes jurisdiction in the case."

The issue in the Laxton case was not on the closing of the issues, but on the qualification of the special judge.

The purpose of Rule 1-12B Change of Venue is to reduce the unnecessary delays occasioned by the late filing of change of venue petitions which have as their real object the postponement or avoidance of a trial. Its purpose is to expedite trials and not to cause further delay or aid

in dilatory practice. The language of Supreme Court Rule 1-12B clearly states that in the event a change is had from the judge or county within the prescribed period, an *additional* request for change of judge may be made by a party still entitled thereto, within ten days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change.

In the case at bar the time began to run when the matter had reached the Fayette Circuit Court in Fayette County, December 14, 1966. The motion for a change of venue was not within the ten days as hereinabove set forth.

The writ was, therefore, improvidently issued and the same is now vacated.

Hunter, J. dissents without opinion.

NOTE.—Reported in 231 N. E. 2d 225. Rehearing denied 235 N. E. 2d 706.