STATE OF INDIANA EX REL. H. KIRKWOOD YOCKEY *v.*
SUPERIOR COURT OF MARION COUNTY, ROOM NO. 6, AND
RUFUS C. KUYKENDALL, AS JUDGE OF SUPERIOR COURT
OF MARION COUNTY, ROOM NO. 6.

[No. 1173S222. Filed February 15, 1974.]

*Stephen M. Coons,* of Indianapolis, for relator.

*Arthur J. Sullivan, David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for respondents.

HUNTER, J.—This original action is before us on the question of whether a temporary writ of mandate heretofore granted should be made permanent, concerning the trial court's ruling on a motion for change of venue. The sole question presented may be succinctly stated: When, for the purposes of change of venue, are the issues *first closed* on the merits? The stipulated facts are best summarized by outline form:

(1)   June 16, 1972        —   Plaintiff files his complaint.

(2) September 15, 1972 — Relator files his answer, counterclaim, and request for jury trial.

(3) September 21, 1972 — Plaintiff files his motion to strike answer, counterclaim, and request for jury trial.

(4) September 12, 1973 — Respondent judge overrules motion to strike answer and counterclaim. Sustains motion to strike request for jury trial.

(5) September 21, 1973 — Relator files motion for change of venue from the judge.

(6) September 24, 1973 — Motion for change of venue granted.

(7) September 26, 1973 — Plaintiff files his motion to resume jurisdiction.

(8) October 4, 1973 — Plaintiff files reply to relator's counterclaim.

(9) October 18, 1973 — Respondent court hears argument on motion for change of venue. Sustains plaintiff's motion to resume jurisdiction.

Relator contends that, at the time he moved for change of venue from the judge, the issues had not been first closed on the merits and, therefore, he was, as a matter of law, entitled to the change of venue. His argument is based on the premise that the issues could not have been closed prior to plaintiff's reply to his counterclaim. Indeed, a reply to a denominated counterclaim is a recognized pleading under TR. 7(A).

TR. 76 reads in pertinent part as follows:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

"(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. *Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.*

"(3) Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close issues (or no responsive pleading is required under a statute), each party shall have thirty [30] days after the filing of such case within which to request a change from the judge or the county. . . ." (Emphasis added.)

Prior to the adoption of Indiana's present trial rules, our Supreme Court Rule 1-12B contained substantially the same provisions as TR. 76. Under Rule 1-12B, it was held that the issues were deemed closed on the merits when the pleadings first formed the issues for trial. *State ex rel. Hatt* v. *Vanderburgh Probate Court* (1966), 247 Ind. 517, 219 N. E. 2d 437. Therefore, where the pleadings consisted of only a complaint and answer, the filing of the answer closed the issues on the merits. *State ex rel. Janelle* v. *Lake Superior Court* (1957), 237 Ind. 3, 143 N. E. 2d 288. But a pleading which did not go to the merits of the controversy did not close the issues. *State ex rel. Gatewood* v. *Hamilton Circuit Court* (1967), 248 Ind. 248, 225 N. E. 2d 826 (plea in bar) ; *State ex rel. Blood* v. *Gibson Circuit Court* (1959), 239 Ind. 394, 157 N. E. 2d 475 (motion to strike paragraph of answer) ; *State ex rel. Canaday* v. *Madison Circuit Court* (1967), 248 Ind. 122, 224 N. E. 2d 40 (petition for temporary restraining order).

An examination of TR. 76 reveals competing policy considerations. First, the rule is intended to guarantee a fair and impartial trial by making the automatic change of venue available. Second, the rule is designed to avoid protracted litigation by imposing a time limit after which a change of venue motion shall be denied. Thus, the instant controversy centers upon a determination of when the issues *first* close on the merits for the purposes of TR. 76(2). The words "first

closed" are critical to our analysis. In weighing the competing considerations, we shall not endorse an interpretation of TR. 76 which sanctions dilatory tactics.

In a strict sense, the issues are not closed on the merits during the pleading stage. The case that can be taken to trial solely upon the issues formed by a complaint and an answer is rare indeed. Our trial rules contain liberal provisions for amending pleadings at various stages throughout the litigative process. Further, issues formed through the discovery and pre-trial stages may differ significantly from those derived from the pleadings alone. The original complaint serves a *notice* function, and the responsive answer is designed to meet the facts presented by the complaint. Issues may be augmented by supplemental pleadings. New allegations may be raised and denied by counterclaim and reply. In short, a persuasive argument can be made that under any given set of facts it becomes a gesture in futility to determine when the issues first close on the merits. However, in our opinion, it is necessary to establish an interpretation of TR. 76 which satisfies the policy considerations hereinabove discussed.

Therefore, we hold that for purposes of TR. 76 (2), the issues shall be deemed *first* closed on the merits upon the filing of defendant's answer. Filing of the answer shall initiate the ten (10) day time period within which the change of venue motion must be filed. For purposes of TR. 76 (2) it is immaterial that amended or supplemental answers may follow. Likewise immaterial is the fact that a counterclaim is filed to which a reply is a recognized pleading under TR. 7 (A). It is only the *original* answer which controls when the issues are *first* closed between adverse parties. Such a rule, albeit somewhat arbitrary, at least aids in discouraging the postponement or avoidance of trial, which has been in historical part the sometime object of TR. 76 motions. See, *State ex rel. Mays* v. *Fayette Circuit Court* (1967), 250 Ind. 205, 235 N. E. 2d 706.

Accordingly, the petition for the permanent writ is denied

and the temporary writ hereinbefore granted is hereby dissolved.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—The right to a change of venue is a substantive right. It is partially rooted in the State Constitution's pledge of a fair trial. It is a right which belongs equally to every party to an action. TR. 76(1). The job of this Court is to fashion a fair procedure for the implementation of the right. In deciding what is fair, we can certainly fashion the procedures so as to discourage the use of the right solely for delay or other improper purpose, where such is clearly the case. However, in so doing we should not extinguish the right to an automatic change of venue for an entire class of parties, under the guise of regulating its legitimate use and setting procedures for its implementation, as the majority opinion surely does in this case. This holding cuts off that right of new parties brought into an action by third party complaint filed pursuant to TR. 14, if such third party complaint is filed after the defendant has filed his answer. The newly arrived party, joined pursuant to TR. 18 or TR. 19 after answer is likewise divested of the right.

I would hold in this case, as such would be clearly sufficient here, that the filing of a counterclaim, simultaneously with the filing of the answer, does not first close the issues on the merits, but that such issues remain open until the reply to the counterclaim, made mandatory by the provisions of TR. 7, has been filed. This resolution is consonant with our holding in *State ex rel. Hatt* v. *Vanderburgh Probate Court* (1966), 247 Ind. 517, 219 N. E. 2d 437. There we held that the issues are first closed on the merits within the meaning of that phrase in our change of venue rule, when the pleadings have reached such a state that "the case could go to trial." In the case before us, there is no point in time prior to the filing of the

reply to the counterclaim at which the case could go to trial. I therefore consider the motion for change of venue filed two weeks prior to the filing of the reply to be timely filed. The trial judge should be required to grant that change of venue. I therefore vote to make the temporary writ permanent.

NOTE.—Reported in 307 N. E. 2d 70.