THEODORE R. ANDERSON *v.* DONALD E. SELL.

[No. 271A36. Filed December 14, 1971.]

*Stanley H. Matheny, Carson, Spencer, Matheny & Michael,* of Huntington, for appellant.

*Carl J. Suedhoff, Jr., Hunt, Suedhoff, Borror & Eilbacher,* of Fort Wayne, for appellee.

STATON, J.—This is an appeal from the Allen Superior Court No. 3, the Honorable Louis L. Bloom, Judge, presiding. The Appellee-Defendant filed a motion to dismiss the cause of action for failure to prosecute which was granted. The Appellant-Plaintiff's motion to reinstate the cause of action was overruled by the Court. This appeal is from the ruling of the Court which overruled the motion to reinstate.

In an attempt to achieve some degree of simplicity and clarity the Appellant-Plaintiff shall hereinafter be referred to as "Anderson" and the Appellee-Defendant shall hereinafter be referred to as "Sell".

Anderson was struck by Sell's automobile when walking across Highway 113 on December 31, 1962. Anderson filed a "Complaint for Damages" on December 29, 1964. This complaint alleged certain acts of negligence which resulted in injuries to Anderson. The complaint prayed for $20,426.35 in damages plus costs.

The next most relevant point in time for the purpose of this appeal is January 9, 1968, when Sell filed his "Answer of Defendant" and "Request for Change of Venue from the County". The record shows that the only action taken by the court thereafter was to appoint Giles J. Pierre as Judge Pro-Tem. After accepting his appointment and taking the oath on the 13th day of August, 1968, the record shows that the following procedures were before him:

"Comes now the defendant herein, by counsel, and files motion to dismiss for lack of prosecution, which motion is in the following words and figures, to-wit:"

The record then sets out the motion referred to above. Thereafter, on August 14, 1968, Judge Pro-Tem, Abe Latker issued a "Rule to Show Cause" on or before the 9th day of September, 1968, to Anderson. On September 10, 1968, the following entry was made and signed by Frederick D. Schoppman, Judge, and the entry excluding the formal parts thereof reads as follows:

*E N T R Y*

"The defendant, Donald E. Sell, by his attorneys, Hunt, Suedhoff & Wilks, having filed a Motion to Dismiss for Lack of Prosecution, which Motion reads as follows:

(H. I.)

and the Court having ordered that the plaintiff show cause why this action should not be dismissed for lack of prosecution thereof, said showing to be made on or before the 9 day of Sept., 1968, which rule to show cause reads as follows:

(H. I.)

and the Court finding that plaintiff having failed to show cause as ruled does now dismiss this cause for lack of prosecution."

We note that on November 28, 1966, the regular judge of the Court became ill and that thereafter, as shown by the transcript, numerous judges pro-tem were appointed until the appointment of Judge Bloom on January 8, 1970, by the Governor.

Anderson filed his "Motion to Set Aside Judgment" on July 23, 1970. Those rhetorical paragraphs of his motion which have some relevance to this appeal read as follows:

"7. That on March 12, 1968 plaintiff's attorney received a telephone call from one Lee Eilbacher, of the law firm of Hunt, Suedhoff & Wilks, concerning the change of venue of a case known as *Bear* v. *Bradford and Christman,* and upon striking over the telephone said Lee Eilbacher advised plaintiff's counsel that one Carl J. Suedoff, Jr. wanted to talk concerning change of venue re *Anderson* v. *Sell;* that plaintiff's counsel struck DeKalb and Adams Counties and said Carl J. Suedhoff, Jr. struck Noble, Huntington and Wells Counties, and the case of *Anderson* v. *Sell,* Cause No. 9663, Allen Superior Court No. 3, was to be venued to Whitley County, Indiana.

8. That cause was never venued to Whitley County, Indiana, whether by inadvertence or otherwise.

9. That on August 15, 1968, approximately six months after plaintiff's counsel's last contact with defendant's counsel, plaintiff's attorney wrote to the Clerk of Whitley Circuit Court inquiring about notification of the filing

of the cause and received the reply, as shown by Exhibit 'A' attached hereto.

10. That unbeknownst to plaintiff and plaintiff's counsel, defendant by counsel filed a motion to dismiss for lack of prosecution on or about August 13, 1968, and a Rule to Show Cause was entered on said date by Judge Pro-Tem Abe Latker, requiring that cause be shown by September 9, 1968; that plaintiff's attorney never received a copy of said Motion to Dismiss and Rule to Show Cause; that the Motion to Dismiss as inspected by plaintiff's counsel on December 29, 1969, contains a certificate as to service by mail on '— day of August, 1968'; that there is no proof or evidence of service of the Rule to Show Cause entered on August 13, 1968.

11. That plaintiff's attorney, being without notice as required by the Rules of the Indiana Supreme Court and Constitution of Indiana and Constitution of the United States of America, did not make an answer to the Rule to Show Cause of Judge Pro-Tem Abe Latker of August 13, 1968.

12. That early in 1969 plaintiff learned of the dismissal of said cause of action while at the Clerk's office in Allen County, Indiana; that approximately March 3, 1969 plaintiff's attorney discussed said dismissal with said Carl J. Suedhoff, Jr. after taking a deposition in a cause in Federal Court wherein plaintiff's attorney and defendant's attorney were defendant and third party defendant, respectively; that defendant's counsel agreed to consult with his party in interest in reference to payment of medical expenses without the necessity of re-opening the matter; that subsequent thereto but prior to the ending of the suit in Federal Court in which plaintiff's counsel and defendant's counsel were engaged, plaintiff's attorney inquired of defendant's counsel in re this matter; that to date no reply has been forthcoming.

13. That the judgment of September 10, 1968 in this cause by Frederick D. Schoppman dismissed the cause of action, unknown to plaintiff's attorney, as stated before, and was done through mistake, error, inadvertence and excusable neglect by reason of no proper legal notice.

14. That plaintiff has a meritorious cause of action by reason of the facts in this case; that plaintiff lost earnings of $2,244.40 and incurred medical treatment expenses of $3,181.95; that injuries are best described by Exhibit 'B', copy of report of Dr. Paul E. Doermann; that plaintiff was

not contributorily negligent; that justice can only be served by trial upon the merits.

WHEREFORE, plaintiff prays the Court that his cause of action, No. 9663 in Allen Superior Court No. 3, be reinstated and set for trial, and for all other proper relief in the premises."

A hearing upon the Motion to Reinstate was set for the 15th day of September, 1970, at 3:00 P.M., by Judge Louis L. Bloom. A ruling on the Motion to Reinstate was taken under advisement until October 5, 1970, and then overruled. Anderson filed his Motion to Correct Errors on December 4, 1970, which was overruled. This appeal was distributed to this Division on July 19, 1971.

The questions presented on this appeal are:

"1)  Is the Motion for Change of Venue filed by Sell still pending before the Court?

  2)  Did the Court have jurisdiction to issue a rule to show cause and make an entry thereon dismissing the cause of action filed by Anderson?

  3)  Did the trial court commit reversible error by not granting Anderson's Motion to Set Aside Judgment?"

An examination of the record discloses that the first question must be answered in the affirmative. It follows that the second question can only be answered negatively. We conclude that the trial court committed reversible error.

The Supreme Court Rule 1-12B (9) here under consideration reads as follows:

"Rule 1-12B.  Change of venue.—1. In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney: Provided, however, a party shall be entitled to only one change from the county and only one change from the judge.
\*   \*   \*
9.  Whenever a change of venue from the county is granted, if the parties to such action shall agree in open court, within three [3] days from the granting of the motion or affidavit for the change of venue, upon the county to which

the change of venue shall be changed, it shall be the duty of the court to transfer such action to such county. In the absence of such agreement, it shall be the duty of the court within two [2] days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties within seven [7] days thereafter, or within such time, not to exceed fourteen [14] days, as the court shall fix, shall each alternately strike off the names of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure. If a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause. If a non-moving party fails to strike off the names of such counties within the time limited, then the clerk shall strike off such names for such party. (Adopted Sept. 21, 1955, effective Jan. 2, 1956; amended May 15, 1958, effective Sept. 1, 1958; amended April 3, 1964, effective July 1, 1964.)"

IC 1971, 34-2-9-1, Ind. Ann. Stat., § 2-1408, (Burns 1967) which has not been set out here in full is also considered with Supreme Court Rule 1-12B (9).

The motion for change of venue and the answer were filed at the same time by Sell. Neither timeliness nor compliance with the statutes is in question here. Our Court has examined each and every page of the transcript of this cause and fails to find any action taken by the Court granting "The Request for Change of Venue from the County" filed January 9, 1968. Therefore, "* * * the court was divested of jurisdiction to take any further action except to grant the change." *State ex rel. White Water v. Hoelscher* (1935), 208 Ind. 334, 196 N. E. 1.

This Court held in *Moore v. Fletcher* (1964), 136 Ind. App. 478, 508, 196 N. E. 2d 422, which is an opinion of this Court written by Judge Hunter, that:

"The precedent case law regarding the granting of changes of venue has uniformly held that the duty to grant a motion for change of venue is mandatory upon the court if such motion is timely and is presented properly." Court citing *State ex rel. Johnson v. Cody, Judge*

(1937), 212 Ind. 247, 8 N. E. 2d 971; *State ex rel. Lindsey* v. *Beavers* (1947), 225 Ind. 398, 75 N. E. 2d 660; *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 192 N. E. 423.

In the instant case, the Court has failed to grant the "Request for Change of Venue from the County." The Court had no jurisdiction to issue a rule to show cause or to dismiss the cause of action for lack of prosecution.

The record does not disclose that the Court submitted to the parties a written list of all the counties adjoining as provided under Rule 1-12 (B) or that the counties adjoining were submitted to the parties or their attorneys in open court for the purpose of striking. *State ex rel. Bickel* v. *Lake Superior Court* (1959), 239 Ind. 388, 158 N. E. 2d 161.

In *State ex rel. Bickel* v. *Lake Superior Court, supra,* at 391, the Court " * * * followed the quite common and convenient practice of provisionally naming the counties at the time the motion for a change was granted rather than wait the three day period to see if the parties could agree upon a county. The parties were present by counsel at the time and made no objection to such procedure. Under the circumstances there was a sufficient compliance with the rule." The transcript and record presented to this Court do not indicate that the procedure in *Bickel, supra,* was followed. There is some indication presented by the "Motion to Set Aside Judgment" filed by Anderson that there was an attempt to agree over the telephone. It is apparent that the attorney for Sell did not have this understanding since nothing was done to change the venue of the cause to Whitley County, Indiana. Sells did nothing as a matter of record to show that there was an agreement made by him with Anderson to have the cause venued to Whitley County. The Court is not bound by telephone calls between attorneys which are not made a part of the Court's record with the Court's approval.

The transcript further fails to show that the Court ever submitted " * * * to the parties a written list of all the coun-

ties adjoining the county from which the venue is changed." If the motion for change of venue had been granted and the parties could not agree to an adjoining county for the change of venue then the record should show a written list of adjoining counties submitted to the parties. Rule 1-12(B) clearly states that "it shall be the duty of the Court within two days thereafter to submit * * *" such a list to the parties for striking. The Court cannot resume jurisdiction until it has complied with the requirements set forth in the Rule. These matters hereinabove referred to must be made part of the record.

The cause is hereby reversed and remanded to the trial court with instructions to:

1) Set-aside the Judgment entered September 10, 1968 and reinstate Cause No. 9663.
2) Grant the Defendant's, Donald E. Sell, "Request for Change of Venue from the County" and then follow TR. 76 as to any further action to be taken upon this matter.

Reversed and Remanded with Instructions.

Hoffman, C. J., Sharp and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 194.