SAMUEL RAYBURN AND WALTER RAYBURN, BENEFICIARIES UNDER THE TRUST ESTABLISHED IN THE LAST WILL AND TESTAMENT OF BERT B. RAYBURN, DECEASED *v.* MARGARET EISEN, INDIVIDUALLY AND IN HER CAPACITY AS TRUSTEE AND ALBERT RAYBURN, INDIVIDUALLY AND IN HIS CAPACITY AS CO-BENEFICIARY.

[No. 1-475A79. Filed October 28, 1975. Rehearing denied December 2, 1975. Transfer denied March 9, 1976.]

*Lewellyn H. Pratt, Applegate and Pratt,* of Bloomington, for appellant.

*Ryan, Hartzell, Ryan & Bock,* of Frankfort, *Lyon & Boyd,* of Greencastle, for appellees.

ROBERTSON, C.J.—Samuel and Walter Rayburn, the plaintiffs-appellants, are appealing from the trial court's dismissal of their suit against Margaret Eisen and Albert Rayburn, the defendants-appellants.

The two issues presented are whether the trial court incorrectly denied a motion for change of venue under Ind. Rules of Trial Procedure 76 and (assuming the change of venue was correctly denied) whether the trial court erred in dismissing the complaint under TR. 12 and a motion for summary judgment.

Finding no reversible error we affirm the trial court's rulng.

The facts show that Samuel and Walter Rayburn, beneficiaries of their deceased father's trust, sued Margaret Eisen individually and in her capacity as trustee and Albert Rayburn individually and in his capacity as a co-beneficiary. The complaint alleged that Margaret and Albert breached their respective fiduciary duties and that they conducted transactions without notice and without full and complete disclosure to Samuel and Walter. The complaint sought a forfeiture and establishment of an equitable trust as well as damages.

The procedural chronology raising the issue concerning the denial of the change of venue is:

| | |
|---|---|
| August 8, 1974 | Plaintiffs filed their complaint. |
| August 19, 1974 | Margaret Eisen, as individual, requests extension of time to answer complaint. |
| August 21, 1974 | Albert Rayburn, as individual and co-beneficiary, requests extension of time to answer. |
| August 28, 1974 | Albert Rayburn files his answer, TR. 12 motion and motion for summary judgment. |
| August 30, 1974 | Margaret Eisen, as trustee, files her answer. |
| September 10, 1974 | Plaintiffs file memorandum of law responding to TR. 12 motion and motion for summary judgment. |
| October 1, 1974 | Margaret Eisen, as individual, files her answer. |
| October 2, 1974 | Plaintiffs filed their motion for a change of venue. |

The trial court denied the change of venue because it was not timely according to TR. 76(2) which reads, in part:

"Any such application for a change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits."

It was the trial court's position that the ten days started running on the 28th of August when Albert filed his answer.

In *State ex rel. Yockey* v. *Superior Court of Marion County* (1974), 261 Ind. 504, 307 N.E.2d 70, it was held that the issues are deemed first closed on the merits upon the filing of the defendant's answer, notwithstanding subsequent amended or supplemental answers or counterclaims, and that the ten days begins to run at that time. The Supreme Court was clear in stating:

"It is only the original answer which controls when the issues are first closed between adverse parties." 307 N.E.2d at 72.

*See also: State ex rel. Katz* v. *Superior Court of Marion County* (1974), 261 Ind. 623, 308 N.E.2d 694.

The crucial difference between this case and *Katz* and *Yockey, supra,* is the presence of multiple defendants in dual capacities and the question becomes one of whether the issues are first closed by the filing of an answer by the first defendant or the last defendant.

This court recognizes that meritorious arguments exist on both sides of the question and that a resolution of the question includes some degree of arbitrariness, just as was pointed out in the *Yockey* Case, *supra.* However, we believe policy reasons give the edge to deciding that in multiple-defendant lawsuits the issues are first closed with the filing of the first answer on the merits. Those policy reasons are stated in *Yockey* as being:

"First, [TR. 76] is intended to guarantee a fair and impartial trial by making the automatic change of venue available. Second, the rule is designed to avoid protracted litigation by imposing a time limit after which a change of venue shall be denied." 307 N.E.2d at 71, 72.

In deciding as we do, we believe the best interests of both policies are served in that delay is not encouraged nor is an automatic change of venue denied, although the decision to seek such a change may be hastened somewhat.

We perceive the second issue of this appeal as arising from

the trial court dismissing this cause of action because of the pendency of another suit, purportedly seeking similar relief, in the same court. TR. 12(B)(8) allows a defense when: "The same action is pending in another state court of this state." The other suit sought an accounting of all trust transactions and a petition to set aside all transfers made between the trustee and the co-beneficiary. That suit was pending in the Montgomery Probate Court with a special judge while the suit giving rise to this appeal was docketed in the Montgomery Circuit Court with the regular judge serving.

We must reluctantly conclude that the state of the record does not allow us to decide this issue for there is no way to make the comparison between the two cases to determine if, in fact and in law the second suit is "the same action".

Strictly by way of dicta, however, we observe that under our pleading system that a "same action" determination may not be made without some hazard, in many instances, until after all discovery is completed and a pre-trial conference is held, for only then can precise issues be identified. Additionally, the liberal use of consolidation of causes, may offset any error predicated on dismissals based upon TR. 12(B)(8).

Having found no error the judgment is affirmed.

Judge Lowdermilk concurs.

Judge Lybrook dissents with opinion.

## DISSENTING OPINION

LYBROOK, J.—I respectfully dissent from the opinion of my learned colleagues as to when, for purposes of Indiana Rules of Procedure, Trial Rule 76(2), the issues are first closed on the merits in cases involving multiple defendants in separate capacities. While I have no quarrel with the holdings of *State ex rel. Yockey* v. *Superior Court of Marion County*

(1974), 261 Ind. 504, 307 N.E.2d 70, and *State ex rel. Katz* v. *Superior Court of Marion County* (1974), 261 Ind. 623, 308 N.E.2d 694, I find those cases clearly distinguishable from the case at bar. Both of those cases involved an interpretation of TR. 76 where there was but one defendant and one answer. The rule announced in such situations is that the issues are deemed first closed on the merits upon the filing of defendant's first answer. This interpretation was adopted to resolve the competing policy considerations of TR. 76 that (1) the rule is intended to guarantee a fair and impartial trial by making the automatic change of venue available and (2) the rule was designed to avoid protracted litigation by imposing a time limit after which the automatic right to change of venue ceases to exist. The balance between these competing considerations in cases with one defendant is best achieved by the rule of *Yockey* and *Katz*.

. However, in cases involving multiple defendants in separate capacities, the rule adopted by the majority herein has necessarily sacrificed the first of the competing considerations in favor of the second. The problem with the majority approach may best be shown by way of illustration. Assume that P files suit naming D1 and D2 as defendants. Further assume that service is made on D1 and D2 on the same day. Under TR. 6(C), each defendant has 20 days to respond. Assume that D1 contacts his attorney immediately and an answer is filed the next day. Assume that D2 upon attempting to contact his attorney learns that he will be out of town for two weeks. When D2's attorney returns, the matter is discussed and it is decided, for various reasons, that a change of venue is necessary. Applying the rule of the majority to this fact situation precludes D2 from obtaining an automatic change of venue despite the fact that D2 still has time under TR. 6(C) to answer. I do not believe that such a harsh result is intended under *Yockey, Katz* and TR. 76(2).

In my opinion, in cases involving multiple defendants in separate capacities reconciliation of the competing considerations of TR. 76 is best achieved by a rule which provides that the issues are deemed first closed on the merits at the time the answer of the last defendant to answer is first filed.[1] Under this approach, neither of the competing policy considerations is ignored. Each party is guaranteed his right to automatic change of venue, a right which is substantive and emanates in part from the Indiana Constitution. See dissent of Justice DeBruler in *Yockey, supra*. Moreover, protracted litigation is avoided in that all pleadings and motions other than the complaint and answer such as amended answers, counterclaims, cross-claims, replies to counterclaims, and answers to cross-claims, all of which aid in framing the issues on their merits are not to be considered for purposes of TR. 76(2). Assuming *arguendo* that no extensions or enlargements of time to answer are requested or granted, under the interpretation of TR. 76 which I advocate, the maximum possible time to request and receive an automatic change of venue would be the same in cases involving multiple defendants in separate capacities as in cases with a single defendant under the rule of *Yockey* and *Katz*. I therefore am unable to justify the majority rule which sacrifices, rather than balances, one of the competing policy considerations of TR. 76 in favor of the other.

Applying the above discussion to the case at bar I conclude that plaintiff's motion for change of venue was timely and that the trial court therefore was duty bound to grant the motion. The trial court had no jurisdiction to act further in this matter other than to grant plaintiff's motion. See, *Anderson* v. *Sell* (1971), 150 Ind. App. 262, 276 N.E.2d 194 and cases therein cited.

1. For further discussion, see NOTE, *Change of Judge in Indiana: A Continuing Dilemma*, 2 Ind. L. Forum 164 (1968-69); and 4 Harvey, *Indiana Practice* 554 (1971).

I therefore, would vacate the judgment below and remand the cause with instructions to grant plaintiff's motion for change of venue.

NOTE.—Reported at 336 N.E.2d 392.