STATE OF INDIANA ON THE RELATION OF CRANE RENTALS, INC. *v.* MADISON SUPERIOR COURT, MADISON SUPERIOR COURT, DIVISION II, WILLIAM R. CLIFFORD, AS JUDGE OF THE MADISON SUPERIOR COURT AND WILLIAM R. CLIFFORD, AS JUDGE OF THE MADISON SUPERIOR COURT, DIVISION II.

(No. 377S229. Filed August 8, 1977.)

*Robert C. Riddell, Thomas L. Davis,* of Indianapolis, for relator.

*Max Howard,* of Anderson, for respondents.

DEBRULER, J.—This is an original proceeding for writ of mandate to compel the Madison Superior Court, Division II and the Honorable William R. Clifford, Judge of such court, to grant a change of venue from Madison County upon motion of Crane Rentals, Inc. The action below was originally commenced against five defendants. Nine months after the first answer was filed by one of these initial defendants, a second generation of four additional defendants, including Crane, was brought into the case by way of an amended complaint. Crane filed a motion for change of venue from the county which was denied.

The motion is provided for by Ind. R.Tr. P. 76(1):

"(1) In all cases where the venue of a civil action may now be changed from the judge of the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge."

In his response to the alternative writ heretofore granted by this Court, the judge below contends that he was under no duty to grant the motion because it was not filed within ten days after the issues had first been closed on the merits as required by Ind. R.Tr. P. 76(2). That subsection provides:

"(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not

later than ten [10] days after the issues are first closed on the merits."

According to respondent's view, the issues were first closed when the first answer was filed by an original defendant and therefore Crane's motion for change of venue was barred because it was not filed within ten days after that first answer was filed.

We would agree with respondent that a final ten-day period, prescribed by Trial Rule 76(2), was initiated when the first answer was filed by one of the first five defendants. Parties in the action at that time were required to file for the automatic change within ten days. *State ex rel. Yockey* v. *Superior Court of Marion County,* (1974) 261 Ind. 504, 307 N.E.2d 70; *State ex rel. Katz* v. *Superior Court of Marion County,* (1974) 261 Ind. 623, 308 N.E.2d 694; *Rayburn* v. *Eisen,* (1975) Ind. App., 336 N.E.2d 392. However, such parties added after that point in time would not be barred from filing such motions by the expiration of such period. *State ex rel. Travelers Ins. Co.* v. *Madison Superior Court,* (1976) 265 Ind. 287, 354 N.E.2d 188. Crane was added as one of a second generation of parties defendant nine months after the first answer had been filed, and therefore its motion was not barred by the expiration of the ten-day period initiated by that answer.

Respondent points out that Crane has a close relationship with one of the first generation defendants and is represented by the same attorneys as that defendant. In light of these facts, it is suggested that this Court could conclude that the issues were closed between plaintiffs and Crane prior to Crane's formal entry into the case, upon application of the "relation-back" concept utilized by Ind. R.Tr. P. 15 (c), or a "virtual representation" concept. According to Trial Rule 76(1) the right described belongs to each party. The purpose of Trial Rule 76(2) is to place a time limitation upon the exercise of that right. To infuse Trial Rule 76(1) with the suggested concepts and thereby

give it the force and effect claimed for it by respondent, would be to radically alter its restrictive office from one of simply setting a fair time limitation upon the exercise of the right to eliminating the right entirely for some and requiring that the right be exercised jointly by groups of others. The sounder course is to maintain the present clear-cut function of Trial Rule 76(2).

The alternative writ of mandate requiring respondent to expunge the order denying relator's motion for change of venue and to grant such motion is now made permanent.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 365 N.E.2d 1224.