JACK PRUDEN ET AL. *v.* GEORGE TRABITS ET AL.

[No. 1-377A43. Filed December 27, 1977.]

*Matthews and Shaw*, of Evansville, for appellants.

*Donald R. Wright, Wright and Daly*, of Evansville, for appellees.[1]

---

1. Only one of the named appellees, Bruce Mortensen, has filed a brief on the merits in this appeal; therefore we have named only that party's attorney.

ROBERTSON C.J.—Plaintiffs-appellants, Jack and Margaret Pruden and Bert and Hattie Mae Alvey (hereinafter Plaintiffs) appeal the decisions of the trial court which denied them a change of venue and dismissed their amended complaint for declaratory judgment.

The Plaintiffs present two issues for our review: 1) whether the trial court erred in denying both of Plaintiffs' motions for automatic change of venue, and 2) whether the trial court erred, and whether its decision was contrary to law, when it dismissed both Plaintiffs' complaint for injunction and Plaintiffs' amended complaint for declaratory judgment.

## I.

A summary of the case is necessary before discussion of the Plaintiffs' first issue.

On January 26, 1976, Plaintiffs filed both their complaint for injunction and a motion for change of venue from the county. The same day the court granted the Plaintiffs' motion for change of venue and named five counties from which the Plaintiffs struck one. Plaintiffs served attorneys for two of the defendants (the Plan Commission and Board of County Commissioners) with copies of the motion for change of venue along with the summons and complaint. Attorneys for the remaining defendants (Mortensen and Frank and Agnes Jones) entered their respective appearances on February 3, 1976. Mortensen simultaneously filed a motion to reconsider Plaintiffs' change of venue and to resume jurisdiction and a motion to dismiss for failure to state a claim. On February 6, 1976, Plaintiffs served the attorneys for the remaining defendants with copies of the motion for change of venue. The first answer in this cause was filed by the proper owners, Frank and Agnes Jones, on February 11, 1976.

The procedure for a change of venue is found in Ind. Rules of Procedure, Trial Rule 76, which, in pertinent part, provides as follows:

(1) In all cases where the venue of a civil action may now be

changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits.

. . . .

(6) Provided further, in the event a change is granted from the judge or county within the prescribed period, as stated above, a request for a change of judge or county may be made by a party still entitled thereto within ten [10] days after the special judge has qualified or the moving party has knowledge the cause has reached the receiving county or there has been a failure to perfect the change. Provided, however, this subdivision (6) shall operate only to enlarge the time allowed for such request under such circumstances, and it shall not operate to reduce the period prescribed in subdivisions (2), (3), (4) or (5).

. . . .

(9) . . . . In the absence of such agreement, it shall be the duty of the court within two [2] days thereafter to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties within seven [7] days thereafter, or within such time, not to exceed fourteen [14] days, as the court shall fix, shall each alternately strike off the named of such counties. The party first filing such motion shall strike first, and the action shall be sent to the county remaining not stricken under such procedure. If a moving party fails to so strike within said time, he shall not be entitled to a change of venue, and the court shall resume general jurisdiction of the cause. If a nonmoving party fails to strike off the names of such counties within the time limited, then the clerk shall strike off such names for such party.

The issues were first closed on the merits when the Joneses filed their answer on February 11, 1976. *Rayburn v. Eisen* (1975),

166 Ind. App. 329, 336 N.E.2d 392. The motion for change of venue, filed sixteen days before the issues were closed, clearly was timely.

Under section (9) of TR. 76, the parties were required to strike counties by February 4, 1976, or at the latest, February 11, 1976 (however, nothing in the record indicates that the trial court fixed the later time). The parties made no further strikes. Pursuant to section (9), the court resumed jurisdiction at the expiration of the time provided for striking. Having regained jurisdiction, the trial court committed no error in considering and ruling on the motions before it which requested vacation of its change of venue order dated January 26, 1976.

We do not perceive the burden on the moving party, to inquire whether the other parties have struck any counties, to be excessive. If the moving party desires a change of venue, he should timely request the clerk of the court to strike for the nonmoving parties.

Plaintiffs further contend that the trial court erred by denying their second motion for change of venue, filed February 25, 1976. The tenth day following the filing of the first answer was February 21, 1976. The trial court did not err in refusing the motion for automatic change of venue which was filed beyond the procedural deadline.

Plaintiffs quote extensively from dissenting opinions by Judge Lybrook in *Rayburn, supra,* and by Justice DeBruler in *State ex rel. Yockey v. Marion Superior Court* (1974), 261 Ind. 504, 307 N.E.2d 70, to support their argument that the right to a change of venue is a substantive right, partially rooted in the Indiana Constitution. We agree that each party does have a right to an automatic change of venue, provided the time limitations are met.

In the case at bar the Plaintiffs timely filed their motion, but neglected to have the striking of counties completed. Thus the court resumed jurisdiction. Fairness to later answering multiple defendants is not an issue. However, section (6) of TR. 76 does

provide an extended deadline for additional parties to make change of venue requests.

We hold that the trial court properly resumed jurisdiction and did not err when it expunged the January 26, 1976 motion and order for change of venue.

## II.

Plaintiffs initiated an equitable proceeding to seek an injunction, basing their claim for relief on their construction of Section 46 through 52 of Chapter 138 of the Acts of 1957 [IC 1971, 18-7-4-47 through 18-7-4-53 (Burns Code Ed.)].[2] Following the dismissal of their complaint for failure to state a claim, Plaintiffs timely filed an amended complaint which sought a declaratory ruling that the rezoning ordinance was void. This amended complaint was also dismissed.

Plaintiffs put in issue on appeal the propriety of the trial court's action in sustaining the defendants' second motions to dismiss under Ind. Rules of Procedure, Trial Rule 12(B)(6). In reviewing such dismissal, this court must decide "whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims." *Gladis v. Melloh* (1971), 149 Ind. App. 466, 469, 273 N.E.2d 767, 769. Generally, this court must determine whether the plaintiff can prove no set of facts in support of his claim which would entitle him to relief and whether the plaintiff has some legal theory to support a justifiable claim entitling him to relief.

In their complaint, the Plaintiffs alleged facts concerning required procedure and the procedural steps taken, which, if true, would support a finding that the action of the Board in adopting the amending ordinance was void and that the property is not rezoned. *Krimendahl v. Common Council of City of Noblesville* (1971), 256 Ind. 191, 267 N.E.2d 547; *State ex rel. Michigan City Plan Commission v. LaPorte Superior Court No. 1* (1973), 260 Ind.

2. The parties agree that the Plan Commission was organized under the 1957 Act.

587, 297 N.E.2d 814; *see also Bryant v. Lake County Trust Co.* (1972), 152 Ind. App. 628, 284 N.E.2d 537.

However, there is a question whether there is a valid legal theory under which the plaintiffs would be entitled to relief. Their theory is based upon their construction of the procedural requirement for adoption of a zoning ordinance amendment. If their construction of the statute is invalid, they have no legal theory, their claim for relief vanishes, and we must affirm the granting of the motion to dismiss.

To decide whether the Plaintiffs had a legal theory upon which to base their claim, the trial court apparently considered the 1957 Act and found its specific provisions to be inapplicable to the circumstances of the parties in the case at bar.

The judgment of the trial court which failed to find any construction of the Act supporting the Plaintiffs' claim was a decision on the merits which will be upheld if it may be sustained under any theory. *England v. Dana Corp.* (1970), 147 Ind. App. 279, 259 N.E.2d 433; *Goff v. Graham* (1974), 159 Ind. App. 324, 306 N.E.2d 758.

In construing statutes, this court gives effect to the intention of the legislature which enacted the law, insofar as the intention can be ascertained. *State ex rel. Jones v. Johnson Circuit Court* (1962), 243 Ind. 7, 181 N.E.2d 857; *Gray v. Dobbs House, Inc.* (1976), 171 Ind. App. 444, 357 N.E.2d 900. To enable us to determine the legislative intent, we may consider and examine "all legislation *in pari materia*, the legislative history, and all Acts passed either before or after the statute in question." *Hurwich v. Zoss* (1976), 170 Ind. App. 542, 353 N.E.2d 549.

Plaintiffs bring to our attention sections of the Zoning and Planning Act enacted in 1947 [IC 1971, 18-7-5-1 through 18-7-5-99 (Burns Code Ed.)], which are, to some extent, traced by the 1957 Act under our consideration.[3]

---

3. The 1947 Act applies to cities and counties while the 1957 Act is applied in more extensive areas. The sections of the 1957 Act pertinent to this appeal read as follows:

"18-7-4-47 [53-1046]. Presumption as to adoption-Validity of restrictions on character of use. — Any ordinance or regulation adopted under the authority of the preceding section [18-7-4-46] shall be presumed to have been adopted after due consultation with the evidence upon which the comprehensive plan was formulated, but an area plan commission shall pay reasonable regard to existing conditions, the character of existing structures and uses, the most desirable use for which the land in each district is adapted, and the conservation of property values throughout the county.

Whenever the regulations provided under this act [18-7-4-1 — 18-7-4-99] impose greater restrictions on the character of the use of structures or lands than are imposed under any other law of the state of Indiana, then the regulations established by virtue of this act shall prevail only if they assure the promotion of public health, safety, comfort, morals, convenience, and the general welfare. [Acts 1957, ch. 138, § 46, p. 261.]

18-7-4-48 [53-1047]. Hearing prior to adoption — Notice — Publication. — Prior to the adoption of a comprehensive zoning ordinance, the commission shall give ten [10] days' notice by publication in a newspaper of general circulation within the county, and hold a public hearing in the city in which its offices are located. The commission, in its discretion, may also give notice and hold hearings at other places within the county where the distribution of population or diversity of interests of the people indicate that such hearings would be desirable. [Acts 1957, ch. 138, § 47, p. 261].

18-7-4-49 [53-1048]. Certification to legislative bodies — Recommendations. — Upon the adoption of the zoning ordinance by the commission, the secretary shall certify a copy of the ordinance, maps, and reports, to each participating legislative body, and recommend the adoption of that portion of the proposal which is within the authority of the legislative body to adopt.

At the first meeting of the legislative body after the adoption of the ordinance, the secretary or a member of the commission shall present the ordinance to the legislative body. [Acts 1957, ch. 138, § 48, p. 261].

18-7-4-50 [53-1049]. Effective date when no action taken-Publication when necessary for enforcement. — Sixty [60] days after the certification of the zoning ordinance to the legislative body, the ordinance shall have the same force and effect as all other ordinances unless the legislative body has within that time finally acted upon it other than favorably, or unless a petition has been filed with the commission signed by at least 25% of the registered voters in any township requesting that said zoning ordinance as it applies to such township be submitted to a referendum election for the approval or disapproval by the voters of such township at a special election to be conducted for such purpose in said township or at the next primary or general election if either is scheduled to be held in such township within six [6] months. Costs of such election shall be borne by the township concerned.

Upon such petition being filed, the zoning ordinance as it applies to such township shall be held ineffective until approved by a majority vote of the registered voters of such township voting on such issue at the election. The commission shall have authority to legally publish the ordinance as it applies to the remainder of said county and participating cities, where that is necessary for its enforcement. [Acts 1957, ch. 138, § 49, p. 261; 1967, ch. 337, § 4, p. 1283].

Provisions in the 1947 Act concerning the adoption of the master plan and recommendation of the ordinance require: ten days notice and a public hearing prior to the adoption and recommendation (IC 1971, 18-7-5-39 and 40); certification of the ordinance to the city council or board of commissioners with a recommendation for its adoption (IC 1971, 18-7-5-41); that after 120 days the plan and ordinance shall be in effect unless acted upon within that time by the city council or board of commissioners (there is no provision for a referendum election) (IC 1971, 18-7-5-42), the same procedure as the 1957 Act upon rejection of the ordinance except that the original vote may only be confirmed by at least a seventy-five percentum vote of the city council or

18-7-4-51 [53-1050]. Rejection or amendment by legislative body—Action by commission.—If the legislative body rejects the ordinance, or amends it, then it shall be returned to the commission for its consideration, with a written statement of the reasons for its rejection or amendment.

The commission shall have forty-five [45] days in which to consider the rejection or amendment and report to the legislative body. If the commission approves the amendment, the ordinance shall stand as passed by the legislative body as of the date of the recording of the commission's report of approval to the legislative body. If the commission disapproves the amendment or rejection, the action of the legislative body on the original amendment or rejection shall stand only if confirmed by a constitutional majority vote of a town board or city council or by a majority vote of the board of county commissioners. [Acts 1957, ch. 138, § 50, p. 261; 1959, ch. 308, § 5, p. 781].

18-7-4-52 [53-1051]. Amendment or repeal by legislative body — Procedure. — A legislative body may from time to time, amend, supplement, or change the zoning ordinance but in every instance an amendment, supplement, or repeal of the ordinance shall follow the same procedure prescribed in sections 46 to 50 [18-7-4-47 — 18-7-4-51], inclusive, of this act. [Acts 1957, ch. 138, § 51, p. 261.]

18-7-4-53 [53-1052]. Amendments—Right to propose—Reference to commission before final action by legislative body.—Amendments to the zoning ordinance may be proposed by:

(1) A member of a participating legislative body, to that body;

(2) An area plan commission to a participating legislative body in the county; or

(3) By petition of the owners of property of fifty per cent [50%] or more of the area involved in the petition, either to the body having legislative authority over the land or to the area plan commission.

Any proposed ordinance for the amendment, supplement, change or repeal of the zoning orinance shall be referred to the commission for consideration and report before any final action is taken by a legislative body. [Acts 1957, ch. 138, § 52, p. 261.]

a unanimous vote of the board of county commissioners (IC 1971, 18-7-5-43).

Section 44 of the 1947 Act provides that amendments to the master plan and ordinance shall be adopted according to the procedure set forth in sections 37 through 40 (IC 1971, 18-7-5-39 through 42).[4]

In the 1957 Act, the provisions for amendment of the zoning ordinance occur at IC 1971, 18-7-4-52 and 53 (Burns Code Ed.). The former section appears to be borrowed from IC 1971, 18-7-5-44 and IC 1971, 18-7-5-65 of the 1947 Act,[5] except that the section

---

4.  Section 41 (IC 1971, 18-7-53-43) is not included.

5.  18-7-5-65 [53-763]. Changes in regulations and districts — Authority of council or commissioners. — The city council or the board of county commissioners may, from time to time, amend, supplement or change the regulations and districts fixed by ordinance pursuant to this act [18-7-5-1 — 18-7-5-99]. [Acts 1947, ch. 174, § 62, p. 571.]

18-7-5-66 [53-764]. Petition for amendment, supplement or change of zoning ordinance regulations. — Petitions, duly signed, may be presented to the clerk of the city council or the county auditor or the official charged with the enforcement of the master plan and ordinance, requesting an amendment, supplement or change of the regulations of the zoning ordinance by:

1.  The plan commission.

2.  By the owners of fifty per centum [50%] or more of the area involved in the petition. [Acts 1947, ch. 174, § 63, p. 571; 1974, P.L. 76, § 5, p. 298.]

18-7-5-67 [53-765]. Procedure in amending, supplementing and changing — Vote required where commission is adverse. — Amendments, supplements or changes of the regulations of the zoning ordinance shall be considered as amendments to the master plan. Any proposed ordinance for the amendment, supplement, change or repeal of the zoning ordinance not originating from petition of the plan commission shall be referred to the plan commission for consideration and report before any final action is taken by the city council or the board of county commissioners.

Prior to the submission to the city council or the board of county commissioners of a plan commission petition or a report on a proposed ordinance referred to it for an amendment, supplement, change or repeal of the zoning ordinance the plan commission shall give notice and hold a public hearing in the manner prescribed for adoption of a master plan in section 37 [18-7-5-39] of this act.

In the event the report of the plan commission is adverse to a proposed ordinance referred to it, the ordinance shall not be passed except by an affirmative vote of at least seventy-five centum [75%] of the members of the city council or a unanimous affirmative vote of the board of county commissioners.

Failure of the city council or the board of county commissioners to pass such proposed ordinance by said affirmative vote within ninety [90] days

covering rejection of the proposed ordinance by the legislative body is incorporated in the amendment provisions of the 1957 Act. IC 1971, 18-7-4-53 appears to be adapted from IC 1971, 18-7-5-66 and 67, although, the final two paragraphs of the latter, which prescribe procedures to be followed in the event the report of the plan commission is adverse to a proposed ordinance for amendment, have been entirely omitted. It is this void in the 1957 Act which we must construe consistent with the ascertainable legislative intent.

The legislature, through IC 1971, 18-7-4-52, requires compliance with procedures in sections 46 to 50, when a zoning ordinance is amended. We interpret such direction to mean, in the case of an amending ordinance:

a) prior to the formulation of any recommendation on the amendment, the plan commission shall give ten days notice and hold a public hearing, as provided in IC 1971, 18-7-4-48;

b) upon formulation of a position the Commission shall certify a copy of the ordinance, maps and reports and present its recommendation for adoption or rejection, as provided in IC 1971, 18-7-4-49;

c) sixty days after the certification of the zoning ordinance to the legislative body, the ordinance shall be adopted or rejected according to the thrust of the recommendation, unless the legislative body has within that time voted adversely to the recommendation or unless a petition for a referendum election is filed as further provided in IC 1971, 18-7-4-50;

d) if the plan commission recommends adoption of the amending ordinance, and the legislative body rejects or amends it, the procedure in IC 1971, 18-7-4-51 is applied;

e) if the plan commission recommends rejection of the amending ordinance the legislative body may adopt it only by constitutional majority vote of a town board or city council or by a majority vote of the boad of county commissioners. IC 1971, 18-7-4-52 and 53.

after its rejection by the plan commission shall constitute rejection of the proposed ordinance and it shall not be reconsidered by the planning commission, city council or county commissioners until the expiration of one [1] year after the date of its original rejection by the plan commission. [Acts 1947, ch. 174, § 64, p. 571; 1961, ch. 133, § 1, p. 288.]

In *State ex rel. Michigan City Plan Commission*, we held that "there is no prohibition [in the 1947 Act] against the council adopting the amendment over the negative report of the commission on the amendment. Burns § 53-765, *supra.*" *Supra* at 817. Similarly we find nothing in the 1957 Act prohibiting the county commissioners from adopting an amendment after the plan commission has furnished a negative report.

There is no basis for the Plaintiffs' argument that the decision by the county commissioners, although adverse to the recommendations of the plan commission, is not final, but must be referred back to the commission for reconsideration. The ordinance must be referred to the plan commission for consideration and report, IC 1971, 18-7-4-53, so that the legislative body may benefit from the commission's expertise in that locality's land use problems and needs as they relate to the needs of the whole area within the commission's jurisdiction. Once a commission has studied and reported on an ordinance, there is no need for further review unless the ordinance is amended or rejected. If the legislative body rejects the amendment, the plan commission is the appropriate body to reconsider the ordinance and recommend proper modifications and to again encourage adoption. However, if the plan commission rejects an ordinance, approval by the legislative body does not alter the ordinance. The commission would have no authority to override or change the accepted version.[6] Thus no purpose is served by requiring any further reconsideration.

Finding no error in the rulings or decision of the trial court, we affirm.

Lowdermilk and Lybrook, JJ., concur.

NOTE — Reported at 370 N.E.2d 959.

6. *See* IC 1971, 18-7-4-52 (Burns Code Ed.).