STATE of Indiana on the Relation of John A. WORSTELL and Diane Worstell, Relators,

v.

The PORTER SUPERIOR COURT and Raymond B. Kickbush, As Judge of Said Court, Respondents.

No. 1280S441.

Supreme Court of Indiana.

April 15, 1981.

Hoover Law Offices, Valparaiso, for relators.

F. Joseph Jaskowiak, Hoeppner, Wagner & Evans, Valparaiso, for respondents.

PRENTICE, Justice.

Relators seek a writ of prohibition and mandate prohibiting further action in furtherance of Respondents' grant of a change of venue and mandating Respondents to vacate the order granting such change, all in that certain cause entitled *Design Organization, et al. v. John A. Worstell, et al.*, pending in Respondent Court under Cause No. 77–PSC–1897.

Relators were the original defendants in said cause No. 77–PSC–1897. On April 7, 1980, the cause was set for trial on March 3, 1981. Thereafter, on July 8, 1980, Nostalgia, Inc. and Peter Scovill were added as party defendants and ordered to file responsive pleadings within thirty days. Notice of such action was not properly given, however, and on August 6, 1980, they appeared and requested and were granted an additional thirty days to plead. On August 13, 1980, they filed a motion for a change of venue, which the Respondent granted on September 25, 1980. It is this grant which the Relators here seek to have set aside by issuance of a writ from this Court prohibiting Respondents from taking additional action in furtherance of said change of venue and mandating said Respondents to vacate the aforementioned grant of a change of venue and to resume jurisdiction in said cause.

It is the Relators' position that because Nostalgia and Scovill had actual knowledge of the trial setting and had not shown that they had objected thereto and moved for the change as soon as they had learned of the setting, they had waived their right to such change under the provisions of Ind.R. Tr.P. 76(7), which provides:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

▮ It is immaterial whether or not Nostalgia and Scovill acted promptly, as they were not parties to the litigation on April 7, 1980, when the trial date was set, Ind.R. Tr.P. 4(A). They are second generation defendants.

In *State ex rel. Travelers Insurance Co. v. Madison Superior Court*, (1976) 265 Ind. 287, 291, 354 N.E.2d 188, 191, and in *State ex rel. Crane Rentals, Inc. v. Madison Superior Court*, (1977) 266 Ind. 612, 365 N.E.2d 1224, we held that second generation defendants were not limited under Ind.R.Tr.P. 76(2) as to when they could file for a change by virtue of the joining of issues before they became parties. To hold otherwise would deprive them of an automatic change and defeat the purpose of the rule. *State ex rel. Travelers Insurance Co. v. Madison Superior Court, supra,* at p. 291, 354 N.E.2d 188. The same would be true if we were to apply the waiver provisions of Ind.R.Tr.P. 76(7) to second generation defendants with respect to a trial date setting that occurred prior to their becoming a party to the law suit.

▮ We hold, therefore, that for purposes of Ind.R.Tr.P. 76(1), a second generation defendant is not bound by the setting of a trial date which occurred prior to his joinder, and the writ is denied.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.