STATE of Indiana, ex rel. The FIRST STATE BANK OF WHITING, Michael Schrage and Herman W. Stauffer, Relators,

v.

The PORTER SUPERIOR COURT and the Honorable Roger V. Bradford, as Judge Thereof, Respondents.

No. 882S321.

Supreme Court of Indiana.

April 13, 1983.

Robert E. Stochel, Crown Point, for relators.

David A. Willis, Valparaiso, for respondents.

GIVAN, Chief Justice.

On August 30, 1982, Relators appeared before this Court seeking a Writ of Mandamus against Respondents. We denied the Relators' petition. This opinion is to ratify denial of the writ.

The relevant facts are these. On January 25, 1982, one Francis Turnbaugh filed a complaint in the Lake Circuit Court, naming as defendants Relators and one Elmer Layden. Subsequently the Lake Circuit Court granted a change of venue from the county upon motion by defendant Elmer Layden. No party to this action disputes the propriety of the trial court's grant of this motion. The action was venued to Respondent court on April 20, 1982.

On April 28, 1982, defendant Elmer Layden filed his answer. On May 5, 1982, Relators as defendants filed their answer and at the same time filed a Motion for Change of Venue From the County. Respondent court heard argument on May 24, 1982, on Relators' motion. On July 9, 1982, the motion was denied.

Relators petition this Court for a Writ of Mandamus to compel Respondent to grant the change of venue from the county. Relators contend they are entitled to automatic change of venue from the county under Ind.R.Tr.P. 76. Rule 76 provides in pertinent part as follows:

"(1) In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one [1] change from the county and only one [1] change from the judge.

"(2) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten [10] days after the issues are first closed on the merits."

Relators assert that since defendant Layden filed his answer to plaintiff's complaint on April 28, 1982, their motion for change of venue from the county filed seven days later on May 5, 1982, met the Rule 76(2) ten day requirement.

Certainly it is true as a general proposition that the duty to grant a change of venue in a civil case is mandatory upon the trial judge, so long as the motion is filed within the time limits prescribed by Rule 76(2). *Teegarden v. Sattison,* (1980) Ind. App., 404 N.E.2d 1163; *City of Fort Wayne v. State ex rel. Hoagland,* (1976) 168 Ind. App. 262, 342 N.E.2d 865. Since the defendant's Motion for Change of Venue was filed within ten days of Relators' answer it was timely. *State ex rel. Yockey v. Superior Court of Marion County,* (1974) 261 Ind. 504, 307 N.E.2d 70.

However, in this case the motion for change of venue was made by co-defendants after it had already been venued by another co-defendant. The issue is where there are multiple parties on one side of a lawsuit is each of them individually and independently entitled to an automatic change of venue. Relators' position is that there is no language in Rule 76 that prohibits separate changes by multiple parties.

It is true Rule 76 does not in precise terms state co-parties are limited to only one change of venue as a group. However, for many years the law has been settled in this regard. In 2 Bobbitt's Revision of Works' Indiana Practice at § 24.15, it is stated:

"The number of changes that may be taken by either party is expressly limited to one from the county and one from the judge. This applies to all of the parties on a side and not to each individual party. Thus, in determining the number of changes of venue that may be had, all the plaintiffs or all the defendants, as the case may be, are to be considered as one party. Where a motion for a change of venue is made by one of a number of co-plaintiffs or co-defendants, it operates for all and is a bar to a change by any other party on the same side of the case."

The rule was adopted with this interpretation in mind and makes no change in the law.

Neither of the cases cited by Relators stand for the proposition they now advocate. In *State ex rel. Crane Rentals, Inc. v. Madison Superior Court,* (1977) 266 Ind. 612, 365 N.E.2d 1224, we held one defendant out of a group of co-defendants, all of whom were added to the case by way of an amended complaint, was entitled to a change under Rule 76.

*Pruden v. Trabits,* (1977) 175 Ind.App. 219, 370 N.E.2d 959, likewise does not support Relators' position. In that case the Court of Appeals made the statement, "We agree that *each* party does have a right to an automatic change of venue, provided the time limitations are met." *Id.* at 222, 370 N.E.2d at 962. But again, as in *State ex rel. Crane, supra,* the case did not consider the precise question raised in the case at bar.

The denial of Relators' Writ of Mandamus to compel Respondent to grant Relators Motion for Change of Venue From the County is hereby ratified.

All Justices concur.