STATE of Indiana, ex rel. David RAD-
BEL, a minor, by his parents and next
friends Barbara M. Radbel and Neal R.
Radbel, Barbara M. Radbel, Neal R.
Radbel, Jonathan Radbel, by his par-
ents and next friends Barbara M. Rad-
bel and Neal R. Radbel, Relators,

v.

JASPER SUPERIOR COURT and the
Honorable J. Philip McGraw, As
Judge, Respondents.

No. 684S217.

Supreme Court of Indiana.

Aug. 31, 1984.

Thomas J. Herr, Saul I. Ruman & Associ-
ates, Hammond, for relators.

Linley E. Pearson, Atty. Gen., Robert S.
Spear, Chief Counsel-Litigation, Ronald D.
Buckler, Deputy Atty. Gen., Indianapolis,
R. Kent Rowe, Rowe & Lederer, South
Bend, for respondents.

GIVAN, Chief Justice.

Following oral presentation of the Peti-
tion for Writ of Prohibition and Writ of
Mandamus, this Court advised the parties
that it would unanimously deny the peti-
tion. Relators then filed their petition and
related papers with the Clerk of the Court.
This opinion affirms the denial of the peti-
tion for the writs.

On December 8, 1983, relators filed a
complaint for damages in Lake Circuit
Court. Defendants were Charles L. Parks,
L.C. Campbell and Midwestern Electric,
Inc. On January 17, 1984, Midwestern
Electric, Inc. moved for, and was granted,
a change of venue from the county. The
case was transferred to the Jasper Superi-
or Court.

Relators amended their complaint on
February 22, 1984, to add the State of
Indiana as a party defendant. The State
timely moved for a change of venue from
the county pursuant to Ind.R.Tr.P. 76. In
response, relators filed a motion to deny
the change. Judge McGraw ruled against
relators and granted the State's motion for
a change of venue.

Relators contend the State was not enti-
tled to a change of venue because one of
the original party defendants had previous-
ly been granted an automatic change.
They rely on *State ex rel. First State
Bank of Whiting v. Porter Superior
Court,* (1983) Ind., 447 N.E.2d 568, in
which this Court held that co-parties, as a
group, are entitled to only one automatic
change of venue. Therefore, argue rela-
tors, only one automatic change of venue
pursuant to Ind.R.Tr.P. 76 is allowed to all
defendants, regardless of when they are
joined in the cause of action.

Relators' interpretation of *First State Bank of Whiting* is too expansive. Our ruling in that case does not preclude a defendant joined after the original filing of an action from obtaining a change of venue. Similarly, the cases cited by relators do not support their alternative contention, that a second-generation defendant may be allowed an automatic change of venue only where the first-generation defendants have not taken a change. *See State ex rel. Worstell v. Porter Superior Court,* (1981) Ind., 419 N.E.2d 127; *State ex rel. Crane Rentals, Inc. v. Madison Superior Court,* (1977) 266 Ind. 612, 365 N.E.2d 1224.

■ We hold that a second-generation, or any subsequent generation, defendant or group of defendants is entitled to an automatic change of venue pursuant to Ind.R. Tr.P. 76. This facilitates the fulfillment of the purpose of the trial rule which is designed to provide a fair and impartial trial to all parties. *See State ex rel. Yockey v. Superior Court of Marion County, Rm. No. 6,* (1974) 261 Ind. 504, 307 N.E.2d 70 (DeBruler, J., dissenting); *Piwowar v. Washington Lumber & Coal Co.,* (1980) Ind.App., 405 N.E.2d 576. We also reaffirm our holding in *First State Bank of Whiting, supra,* that only one of a group of contemporaneously named party defendants may be granted a motion for a change of venue.

The denial of relators' petition is hereby ratified.

HUNTER, DeBRULER and PRENTICE, JJ., concur.
PIVARNIK, J., not participating.