**STATE of Indiana on the Relation of Edwin T. KENNEDY, Relator,**

v.

**The HANCOCK CIRCUIT COURT and the Honorable Ronald L. Gottschalk, as Judge thereof, Respondents.**

No. 30S00–8601OR32.

Supreme Court of Indiana.

May 9, 1986.

John W. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, for relator.

John M. Choplin, II, Norris Choplin & Johnson, Indianapolis, for respondents.

PIVARNIK, Justice.

Relator Edwin T. Kennedy petitioned this Court for issuance of writ of mandamus compelling the Respondent to grant Relator's Motion for Change of Venue from the County of Hancock.

On February 27, 1985, a civil action entitled "John H. Hill and Carole Hill, Plaintiffs, v. Benita L. Kennedy, Defendant" was filed in the Marion Superior Court, Civil Division Room No. 4, Cause No. S485–0229. Plaintiffs Motion for change of venue from the county was granted and on May 14, 1985, venue of the action was transferred to the Hancock Circuit Court. That Court assumed jurisdiction of the cause under the same title as above described, now designated as Cause No. C85–191. Between May 14, 1985, and October 10, 1985, various proceedings were had in the action in the nature of discovery. The court set the matter for pre-trial conference to be held on October 10, 1985, by way of the court's order dated August 14, 1985. On October 10, 1985, the Respondent Court held a pre-trial conference. At that conference Plaintiffs Hill filed a motion for leave to amend their complaint and the Respondent Court granted the plaintiffs' motion for leave to amend on that same date. Plaintiffs did, on October 10, 1985, amend their complaint, by naming as a party defendant, Relator Edwin T. Kennedy. On that same date and at the pretrial conference, the Respondent Court set the cause for trial for May 19, 1986 and after conference Plaintiffs Hill caused a summons to be issued to Edwin T. Kennedy. Edwin Kennedy was served by certified mail on October 11, 1985. Thereafter, on October 24, 1985, Relator Edwin T. Kennedy appeared by counsel as the defendant in the action, now styled "John H. Hill and Carole Hill, Plaintiffs, v. Benita L. Kennedy and Edwin T. Kennedy, Defendants." On said date of October 24, 1985 Relator requested enlargement of time to plead, until and including November 30, 1985. This request was granted. On November 25, 1985, Relator filed his motion for change of venue from the County of Hancock with Respondent Court. Plaintiffs Hill, on the same

day, filed their objection to granting Kennedy's Motion for Change of Venue. On December 2, 1985, both Defendants Kennedy filed their Answer to the Amended Complaint and Benita Kennedy filed her Motion to Dismiss Count II of the Plaintiffs Amended Complaint. On December 3, 1985 Plaintiffs Hill filed their Memorandum in Opposition to Defendant Edwin Kennedy's Motion for Change of Venue and on December 6, 1985, Respondent Court denied Relator's Motion for Change of Venue.

This Court granted an alternative writ of mandate directing Respondent to grant Relator's Motion for Change of Venue on January 14, 1986. We now make this writ permanent for the following reasons. Respondent seeks to distinguish this case from our holding in *State ex rel. Worstell v. Porter Superior Court* (1981), 275 Ind. 598, 419 N.E.2d 127, since the facts in *Worstell* were that the trial date had been set by the trial court previous to the time that the second generation defendants were joined. In *Worstell* on April 7, 1980, cause was set for trial for March 3, 1981. On July 8, 1980, Nostalgia, Inc., and Peter Scovill were added as party defendants. In the instant case, Relator Edwin T. Kennedy was added as a second generation defendant on the same day, October 10, 1985, that the court set the cause for trial. Respondent reasons that Edwin Kennedy was a party to the action at the time trial setting was made and because Kennedy did not object to the trial date when he moved for a change of venue he was bound by the trial date. We cannot accept Respondent's interpretation. We held in *Worstell*, in addressing a joined defendant's waiver of right to a change of venue, that pursuant to Ind.R.Tr.P. 4(A) and 76(7), it was immaterial whether a defendant acted as soon as he had learned of trial setting where he was not a party to litigation on the date when trial was set. We further held the second generation defendant is not bound for purposes of Ind.R.Tr.P. 76, governing waiver of right to change of venue, by the setting of a trial date which occurred prior to his joinder.

Even though Edwin T. Kennedy was named as a defendant in the amended complaint on October 10, 1985 he still had not been served with process on that date nor had he entered an appearance and was not required to make any response to the pleading for twenty (20) days following the service of the process on him. He was therefore in no different position than the second generation defendants in *Worstell*. The waiver provisions of Ind.R.Tr.P. 76(7) therefore did not apply to Edwin Kennedy.

Respondent also claims that our holding in *Worstell* is unfair to first generation defendants in that it gives an advantage to second generation defendants which first generation defendants do not have. In *State ex rel. Baber v. The Circuit Court of Hamilton County* (1983), Ind., 454 N.E.2d 399, this Court held a first generation would have the same rights as those given to second generation defendants in *Worstell* under similar circumstances. In *Baber* the plaintiff filed his complaint for damages on November 24, 1982. Summons was issued by certified mail and on the same date, at the request of plaintiff, the trial court set the cause for trial for February 11, 1983. Defendant appeared by counsel on December 6, 1982 and filed a motion for enlargement of time on December 13, 1982, which was granted on December 14, 1982, enlarging the time to answer or plead to January 14, 1983. On December 15, 1982 Defendant filed his answer and Motion for Change of Venue from the County pursuant to Ind.R.Tr.P. 76. We issued a writ ordering the trial court therein to grant defendant Baber a change of venue, holding that when the trial court set the cause for trial on the day the complaint was filed, the defendant had not even been served with process and was not obliged to take any action in the cause. We reasoned as follows in *Baber*, Ind., 454 N.E.2d at 401:

"Although the record does not show when he was served, the proceedings show that service was by certified mail and this adds three days to his obligation to appear in the action within twenty days after being served with notice of

the suit. Relator-defendant did, as a matter of fact, enter an appearance twelve days later on December 6. Nine days later on December 15, he filed his answer and his motion for change of venue from the county, pursuant to Rule 76. This was twenty-one days after the cause was filed and still within the period in which he was actually required to enter an appearance and respond to the complaint. This was prompt pleading that can in no way be categorized as dilatory or delaying."

Edwin T. Kennedy timely filed his Motion for Change of Venue pursuant to our holdings in *Worstell* and *Baber*, and was entitled to his change of venue from the county pursuant to T.R. 76. The Writ is made permanent.

GIVAN, C.J., and DeBRULER and DICKSON, JJ., concur.

SHEPARD, J. dissents without opinion.